HENRY C. DWIGHT *v.* WALTER BRASHEAR et al.

A party may abandon his appeal from the portion of the judgment which passed upon the title to the property, and retain the appeal as to the part of the judgment which condemned him to pay the fruits and revenues or their value.

On a judgment of the Supreme Court which condemned such *party to pay the fruits at a certain rate per annum*, until the restoration of the property, execution could only be issued for the fruits up to the time at which the possession of the property was abandoned to the owner.

APPEAL from the District Court of St. Mary, *A. Voorhies,* J.

*J. G. Olivier,* for plaintiffs. *J. W. Walker,* for defendants and appellants.

VOORHIES, J. This is an injunction sued out in the case which was decided between the parties litigant by this court in September, 1855. See 10th An., 645.

The appeal in that case was taken on the 5th of February, 1852. During its pendency, it appears the defendant offered to restore to the plaintiff, *Brashear*, the property in litigation, acquiescing in the judgment so far as it passed upon the title, but reserving his right of appeal on the other branch of the case, namely : the rents or fruits of the property. *Brashear* declined to accept the offer, alleging as a reason, that he had agreed to convey the property to his attorney, *William C. Dwight*, on the final decision.

" A mixed action, is one which, in its nature, partakes both of the real and · of the personal action, such as a claim for the ownership of real property, and also for the fruits it has produced, or their value." C. P., 7. The question as to the title or the fruits may be decided in a seperate action. See *Winter* v. *Zacharie*, 6 R. 466. We are unable to perceive any good reason why the defendant *Dwight* could not abandon his appeal from that portion of the judgment which passed upon the title to the property. Article 567 of the Code of Practice declares : " The party against whom judgment has been rendered, cannot appeal, if such judgment have been confessed by him, *or if he have acquiesced in the same, by executing it voluntarily*." The tender of the property to *Brashear* was in writing. It was, therefore, competent for him to avail himself of it, under this provision, as a ground to dismiss the appeal on that branch of the case.

The property in question appears to have been in *William C. Dwight's* possession until his death, when it went into the possession of the administrator of his estate, who continued to hold it from the date of the tender until the final decision of the case. *E. P. Dwight*, the administrator, testifies " that *William C. Dwight* in his lifetime occupied rooms in the building which was in controversy between *Walter Brashear* and *H. C. Dwight*, and for the rent of which property the *execution enjoined was issued*. There existed a written agreement between *Walter Brashear* and *H. C. Dwight*, by which the former was to transfer the property to the latter, after the title to the same was decided. On the 22d of December, 1854, he requested *L. R. Curtis* to take charge of the property and rent it for him. Had a conversation with *Curtis* a short time after the above date, in which *Curtis* stated that he had rented the property to *Ibert*," &c. Cross-examined says, that " he was not directly authorized by *Walter Brashear* to take possession of that property and rent it ; but considers that under the agreement he was authorized," &c.

The testimony of this witness forms the subject of a bill of exceptions taken by the counsel of the defendant and appellant on the trial below. His testimony was objected to " on the ground, that the defendant should not be prejudiced by the acts of other parties, who, without his authority, assumed to control his property, and that all such testimony went to prove *res inter alios acta*." We do not think the Judge erred in overruling the objection, which could only go to the effect, and not to the admissibility of the testimony. Had the witness no authority to control the property, it is perfectly clear that his acts could in no manner affect or prejudice the appellant's right. But we think the evidence discloses that he had such authority under the written agreement of the appellant. That agreement, it is true, has not been produced, but we are bound to presume from the testimony of the witness that such authority existed as he understood it under the agreement. Had it not been so, the appellant should have shown it by the production of the instrument itself, which

is not pretended to have been destroyed, although the contract between the parties was voluntarily revoked by them in 1856. That such authority existed, we think, is fully confirmed by the admission of the appellant himself. The appellee having thus parted with the possession of the property, it appears to us to flow as a matter of natural consequence, that he cannot be held liable either in equity or law, for its fruits.

The judgment affirmed by this court decrees the appellee to pay the appellant the fruits at the rate of $418 per annum until the restoration of the property. The fruits which have accrued since the tender, constitute the only claim for which the appellee is sought to be made liable; and, as we have seen, without any legal foundation. We are, therefore, of opinion there is no error in the judgment of the court below, which is affirmed, with costs.