No. 2448.—STATE OF LOUISIANA ex rel. BOARD METROPOLITAN POLICE
*v.* THE JUDGE OF THE SIXTH DISTRICT COURT FOR THE PARISH OF
ORLEANS.

21   741
116  962.

The judgment referred to in article 575 of the Code of Practice, means a judgment that can be
executed under a writ of *fieri facias.*

A judgment making a writ of mandamus peremptory, directing a public officer to pay an
am)unt of money in his hands, is not such a judgment as may be executed under a writ of
*fi. fa.* From such a judgment, the judge *a quo* should grant a suspensive appeal, and fix
the amount of the bond, without reference to the amount of the judgment making the
writ peremptory.

APPEAL from the Sixth District Court for the parish of Orleans.
*Cooley* J.   *E. Filloul* for relator.

HOWE, J.   The relators aver that J. B. Howard applied to the Sixth
District Court for the parish of Orleans for a mandamus directing S. N.
Burbank, their treasurer, to pay to Howard the sum of one hundred
thousand dollars, amount of Metropolitan Police warrants alleged to
be held by him.   That Burbank, in contempt of the authority and
resolutions of the Board, consented to the issuing of the writ for the
sum of seven hundred and thirty-two thousand four hundred and
twenty-three dollars, alleged to be held by Howard.   That on the
same day, the judgment ordering a mandamus to issue was amended,
and a mandamus ordered for five hundred and eighty thousand dollars.

They further aver, that such a large amount of warrants have never
been exhibited to the Board, or their finance committee; that there is
no proof in the record that these warrants have ever been exhibited to
the Sixth District Court; that the State Treasurer has in his posses-
sion four hundred and ninety thousand three hundred dollars and
thirty-five cents of Metropolitan warrants; which amount, added to
the sum claimed to be held by Howard, exceeds by many hundreds of
thousands of dollars the total amount of warrants issued, not only for
the city of New Orleans but for the entire Metropolitan District.

They claimed the right to take a suspensive appeal from this judg-
ment, but the Judge refused to grant such an appeal unless they
would furnish a bond in an amount exceeding by one-half the amount
which Burbank had been directed to pay, namely, the sum of five
hundred and eighty thousand dollars.

The principal reason given for this position by the respondent, is
that the judgment in question is a money judgment, and that the sus-
pensive appeal therefrom must be governed by article 575 C. P. and
the various amendments thereto.

We find ourselves unable to concur in this view.   The money judg-
ment referred to in article 575, we think to be the same one alluded to
in article 628, and, more fully, in article 641.   It would seem that it
is also the judgment referred to in article 3289 C. C., defining the judi-
cial mortgage.   It is executed by a writ of *fieri facias.*   It is, when

properly recorded, a mortgage on the real estate of the debtor in the parish of inscription. To render such a judgment in a summary proceeding by mandamus, would be to violate the simplest rules of procedure.

The judgment in this case is an order directed to a public officer to compel him to fulfill what is alleged to be a duty attached to his office. C. P. 834. It is not, strictly speaking, capable of being executed by the sheriff. No writ of possession or of *fieri facias* can issue. If the defendant does not choose to obey the order, he may be arrested and imprisoned; but if he chooses to remain in prison, the order will remain unexecuted. C. P. 843.

We are constrained, therefore, to believe that this is a clear case where the amount of the bond should have been fixed by the Judge, but where the law has established no special standard of amount. In such a case, the bond offered by the relators in the sum of five hundred dollars would seem to be amply sufficient, and we think the Judge should have allowed, upon that, a suspensive appeal. State *v.* Judge Fourth District Court, 20 An. 108; Blanchin *v.* Fashion, 10 An. 345.

The case of State *v.* Mount, 21 An. p. —, cited by respondent, does not conflict with the views above expressed. In that case, the appellant, Mount, claimed to be exempted from giving any bond whatever by the law which exempted the city of New Orleans. If he had given a bond like that offered by relators in this case, his appeal would have been maintained.

The same views apply to the other cases in which the relators now before us have sought to take suspensive appeals.

It is therefore ordered, adjudged and decreed, that a peremptory mandamus be issued from this Court directing the Judge of the Sixth District Court for the parish of Orleans to grant to relators herein suspensive appeals in the following cases, upon the relators, the Board of Metropolitan Police, filing, in each of said cases, an appeal bond, with surety, conditioned as the law requires, in the sum of five hundred dollars, viz:

State ex rel. J. B. Howard *v.* S. N. Burbank, Treasurer, etc., No. 737 of the docket of the Sixth District Court;

State ex rel. J. Davidson and Hill *v.* The same, No. 736;

State ex rel. Pugh *v.* The same, No. 735;

State ex rel. Hughes and Dejean *v.* The same, No. 741;

State ex rel. Burbank *v.* Dubuclet, No. 742.