State, ex rel. Wassell, v. Judge of the Fourth District Court.

No. 2633.—STATE OF LOUISIANA, ex rel. JOHN WASSELL, assignee, v. THE JUDGE OF THE FOURTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

A writ of prohibition will not issue to restrain the execution of a judgment of the court below, where the record shows that the bond given for the appeal is insufficient in amount to operate a *supersedeas* pending the appeal.

To entitle a party to a suspensive appeal from a judgment for money, he must give a bond for one-half over and above the amount of the judgment. An intervenor or third party wishing to appeal must comply with the same conditions.

APPLICATION for Writ of Prohibition. *Théard*, J.

*Lea, Finney & Miller,* for relators. *Breaux & Fenner* for respondent.

WYLY, J. The relator applies for the writ of prohibition to restrain the execution of a judgment styled Abner L. Gains v. Wm. H. Gains, John Wassell, assignee, intervenor, rendered on the twenty-third of December, 1869, by the judge of the Fourth District Court for the parish of Orleans, from which judgment, within ten days, an order of appeal was granted, fixing the amount of the appeal bond at $500, which was duly given by the relator.

He contends that, having obtained the order of appeal on motion, at the same term at which the judgment was rendered, and within the time limited for suspensive appeals, and having given bond in the amount fixed by the judge, the Fourth District Court was entirely divested of jurisdiction of the case; that, notwithstanding which, said court has permitted execution to issue on said judgment, and in doing so has exceeded its jurisdiction. In support of this position he cites articles 574, 575, C. P.; Blanchin v. Steamer Fashion, 10 An. 345; Code of Practice, articles 845, 846; 19 La. 174.

In the application for prohibition we discover the following clause: " That the amount of said indebtedness due to said Wm. H. Gains, and claimed by your petitioner as assignee aforesaid, largely exceeds five hundred dollars, amounting to twenty-five hundred and seventy-two dollars and eighty-one cents, for which said Abner L. Gains recovered said judgment; that the demand of your petitioner, as intervenor in said suit, is within the appellate jurisdiction of this court."

The judgment appealed from was certainly for a specific sum, to wit—$2572 81, according to the statement of the relator himself. Now, article 575, C. P., declares that if the appeal be taken within a limited time after judgment, it shall stay execution; "provided the appellant give his obligation, with a good and solvent security, residing in the jurisdiction of the court, in favor of the appellee, *for a sum exceeding by one-half the amount for which judgment was given, if the same be for a specific sum,* as surety for the payment of the amount of such judgment." * * * * *

The judgment being for a specific sum, the law fixed the amount necessary for a suspensive appeal bond. It was not in the power of the judge to suspend the execution of the judgment pending the appeal

by requiring a bond for only five hundred dollars, which was hardly one-fifth the amount of the judgment. In this case the appeal could only be suspensive upon a bond exceeding by one-half the amount of the judgment.

This case comes directly under the provisions of article 575, C. P., and we think, in order for the appeal to operate suspensively, the bond should have conformed thereto.

The case of Blanchin v. the Steamer Fashion, 10 An. 345, is not in point. There was a contest between the creditors for the funds in the hands of the court arising from the sale of the boat; and the court held there was no standard fixed by law for the bond and security to be given by the plaintiff therein in obtaining an appeal; and it was obviously a matter for the discretion of the judge. But here is a judgment against a party for a specific sum, a third person intervenes and seeks to arrest the operations of that judgment. Can he do so on more favorable terms than the parties themselves? We think not. The judgment debtor could only have obtained a suspensive appeal by conforming his bond to article 575, C. P. Certainly the relator, who was an intervenor, occupies in this regard no better position.

It is therefore ordered that the writ of prohibition be disallowed, and the petition of the relator be dismissed, with costs.