## No. 10,947.

### THE STATE EX REL. HENRY BLOCK & BRO. VS. JUDGE CIVIL DISTRICT COURT, PARISH OF ORLEANS, DIVISION D.

When property attached has been sold *in limine*, under Article 261, Code of Practice, the proceeds take the place of the property and still continue to be the property attached, and subject to the right of the defendant to bond in every stage of the suit, under Article 259, Code of Practice, unless the defendant has waived the right to bond by an agreement that the proceeds shall remain in hands of the sheriff, subject to the rights of the attaching creditors, and until the further order of the court.

#### APPLICATION FOR MANDAMUS.

*Calhoun Fluker* for the Relators:

When property attached has been sold *in limine*, under C. P. 261, the proceeds take the place of the property attached, and still continue to be the "property attached," and subject to the right of the defendant to bond, " in every stage of the suit," under C. P. 259.

Where on a rule to show cause why property attached should not be sold *in limine*, under C. P. 261, defendant consents that the same be made absolute, he does not thereby acquiesce in the process against him and abdicate all right to contest its propriety, nor does he renounce his legal right to withdraw the proceeds of such sale from the custody of the sheriff by means of the bond proposed under C. P. 259.

When property attached has been sold *in limine*, under C. P. 261, the defendant has the legal right, at any stage of the proceedings, to release the proceeds, on giving bond and security for the amount of such proceeds.

---

*Moise & Titche* and *W. S. Benedict* for the respondent:

1. Defendants in attachment proceedings, who abandon their domicil upon the issuance of the first attachment; who abandon their business, consenting to the sale of all their property, have so far acquiesced in the process against them as to be debarred from the exercise of their legal rights under the proceedings. 41 An. 286.

2. In such a case the judge *a quo* rightfully refuses to allow defendants to bond the funds in the hands of the sheriff, realized from the sale of their property, and mandamus will not lie to compel him. 40 An. 203; Wickham & Pendleton vs. Nalty, 41 An. 286.

3. The law abhors a multiplicity of suits; and where the *proceeds* of property attached are held by the sheriff subject to the conflicting claims of numerous creditors, asserting their rights to priority of payment out of such proceeds by means of attachments, sequestrations, provisional seizures, interventions, third opposition and otherwise, the court will favor the settlement of the rights of such contending litigants in one *concursus*, rather than relegate each creditor to a separate action upon *one bond*.

---

The opinion of the court was delivered by

McENERY, J.   The relators apply for a writ of *mandamus* to compel the respondent judge to issue an order to the civil sheriff of the parish of Orleans, directing him to release on bond, and pay over to the relators the proceeds of the sale of perishable property, seized in several attachment proceedings against them.

The several attachment suits were allotted to the different divisions of the Civil District Court.

C. Lazard & Co., the first attaching creditors, obtained the order to sell the property. All the attaching creditors and the relators agreed to the sale, but there was no agreement that the proceeds should remain in the hands of the sheriff, subject to the rights of the attaching creditors, and until the further orders of the court.

In the case of the State ex rel. Gerson vs. Judge, 37 An., p. 261, we held that property attached and sold *in limine*, under Article 261,

Code of Practice, the proceeds of the sale of property continue to be the "property attached," and subject to the rights of the defendant to bond "in every stage of the suit," under Article 259 of the Code of Practice.

We are referred to the cases of State ex rel. Moss vs. Judge, 40 An. 203; and Wickman & Pendleton vs. Nalty, 41 An. 285, as announcing a contrary rule.

In the first case there was an agreement that the proceeds of the sale of the attached property should remain in the hands of the sheriff, subject to the claims, rights, and liens of the various attaching creditors. In pronouncing the decree, we said: "Whatever the legal right of the relators was, apart from the agreement, the agreement became a law to all the parties thereto, and by its terms they must abide." In the second case there was no application to bond the property. The question presented for consideration was the dissolution of the attachment. All parties had agreed to the sale of the property, and the retention of the proceeds by the sheriff, to await final judgment.

The rule to dissolve the attachment was discharged, on the ground that the agreement effectually debarred the defendant from questioning the validity of the process against him and his property.

That the relators are fugitives from justice, and that the numerous attachment suits will involve further litigation on the bond to recover the proceeds, can not be considered as valid reasons for denying a positive right given to the relators by law.

The relators forfeit none of their civil rights by absenting themselves, and, it is to be presumed, that the bond will be paid, in accordance with its terms and conditions.

The relators urge that the bond should only be for an amount equal to the proceeds of sale in the hands of the sheriff. The proceeds represent the property. The bond, therefore, must be in an amount and conditioned, as though the property was still in the hands of the sheriff, in strict compliance with Article 259, Code of Practice.

The rule herein is made absolute, the relief prayed for granted, and the *mandamus* made peremptory.