No. 11,503.

STATE EX REL. ALGIERS BREWING COMPANY VS. FRED. D. KING, JUDGE OF DIVISION "B," CIVIL DISTRICT COURT, PARISH OF ORLEANS.

An order directing sale of the property of a corporation which is in the hands of a receiver may be suspensively appealed from by the corporation. on a bond sufficient to cover costs of appeal—the property being *in custodia legis* and under the control of an officer of court.

Any additional bond which the presiding judge may require as security for such damages as may accrue during the pendency of the appeal is not authorized by law, and can not be imposed as a condition precedent to the appellant's right to exercise his appeal.

APPLICATION for Writs of *Mandamus*, Prohibition and *Certiorari*.

*Frank E. Rainold* Attorney for Relator:

Two bonds can not be exacted of an applicant for an appeal.

The conditions of an appeal bond being fixed by law the court has no power or authority to add other and more onerous conditions. *A fortiori* it can not require a special bond to cover damages not covered by the appeal bond.

Where the judgment is not for a sum of money, nor for the delivery of property, movable or immovable, and the effect of appeal is merely to extend the administration of an officer of the court, a bond for costs is all that is required.

*H. E. Upton* and *Lazarus, Moore & Luce* Attorneys for Respondent:

On February 19, 1894, while the Algiers Brewing Company was in the hands of the receiver, the stockholders of the company held an alleged election and elected a new board of directors with new officers. This directory authorized and had taken a rule to rescind the appointment of the reciver, but that rule has never been tried or determined.

On March 1, 1894, the president of the said company, elected on February 19, 1894, applied, through counsel, for a suspensive appeal from the judgment ordering the sale of the property, alleging that the order worked the corporation irreparable injury, and that the defendant has moved to set aside the order of court appointing a receiver. In order to enable the respondent judge to wisely and prudently exercise the discretion vested in him, in fixing the amount necessary for the suspensive appeal bond, it was ordered that evidence be taken on a day fixed, all parties having notice thereof and all parties appearing at the time. After hearing the evidence then adduced and considering the matter the respondent judge granted the Algiers Brewing Company a suspensive appeal on their giving bond in the sum of one thousand dollars to cover costs, and a separate bond of thirty thousand dollars to cover the damages and injury which might be caused the various creditors or the company by a suspensive appeal. The appeal is then a suspensive appeal from the order of court decreeing that the property in the hands of the receiver appointed by the court be sold.

In this case the suspensive appeal sought will have the effect of restraining the sale which has [been ordered by the court. The relator has not enjoined nor given any injunction bond. Surely he does not have the right to arrest a sale ordered by the court, especially as the sale was ordered after hearing the parties and considering the evidence adduced contradictorily, without giving a bond to cover the damages which may be occasioned by the arrest of the sale. A bond merely for costs would not cover such damage or injury.

There are authorities which sustain the position of the respondent judge that the bond which specially secures such damage is necessary and proper, and that, in his discretion, he has the right to require such a bond and fix its amount. The leading authority on the question is S. J. Hart vs. Judge, 34 An. 1210. In that case the court, after commenting upon the authorities in injunction cases and upon the general rule that a bond which would cover costs and damages would be sufficient, held that in exceptional and special cases an additional and larger bond could be legally required by the court. This case has been affirmed in 40 An. 843.

This same doctrine has been held by the court in injunction cases.

In State *ex rel.* Vial vs. Judge, 36 An. 910, the Supreme Court held that: "In computing the amount of the bond to be furnished for a suspensive appeal from a judgment dissolving an injunction with costs, the proper expenses incurred by the sheriff, as consequence of the injunction, for the preservation and cultivation of a sugar plantation under seizure, may be taxed as costs occasioned by the injunction, and must be included in the amount of the bond furnished to be required for such appeal."

The following are the salient and prominent facts and issues:

1.  That considering the value of the property and the amount of the debts, the corporation is hopelessly insolvent.
2.  That the testimony of the receiver and of all the witnesses discloses that it is impossible to secure any money with which to continue the operations of the brewery.
3.  That unless such money is secured, the brewery will have to be closed in less than ninety days.
4.  That if the brewery is closed and is no longer a going concern, a depreciation in its value of not less than thirty per cent. will be the result.

5. That the secured and mortgage bondholders are demanding the sale, and not a single creditor is objecting.

6. That the receivership indebtedness, by reason of the expenses exceeding the receipts, will increase.

7. That no one is opposing the sale except the insolvent, a nominal corporation, under a directory elected since the property was placed in the hands of a receiver.

*E. Howard McCaleb, B. McCloskey* and *H. P. Dart* for Intervenors on same side.

The opinion of the court was delivered by

WATKINS, J. This proceeding arises in the case entitled Lafayette Bank vs. Algiers Brewing Company, No. 39,952, in the Civil District Court, Division B, which court is presided over by the respondent judge, wherein several persons claiming to be bondholders of the defendant company intervened and procured rules on all parties to the suit, to show cause why the plant and all of the paraphernalia and property of said corporation should not be sold.

On the trial of said rules an order was made by the respondent to the effect that John H. O'Connor, receiver of the Algiers Brewing Company, should, after due advertisement, make sale at public auction of the entire property and effects of said corporation, for cash, for not less than two-thirds of its appraisement.

From this order of sale, the relator, acting through its president, moved the aforesaid court for a suspensive appeal, upon furnishing bond in the amount required by law, and the respondent fixed the amount of such bond at one thousand dollars, but at the same time requiring of the Brewing Company, as appellant, that it should furnish " and file, *before his appeal bond for costs,*  *  *  * his bond, with a good and solvent surety for thirty thousand dollars, conditioned for the payment of all such damages as shall be sustained by the receiver and creditors by the appeal from the order of sale in this case, if it should·be decided that such appeal was wrongfully obtained and illegally kept in force by the appellant.''

In relator's petition are stated the grounds of complaint against the sale-order thus, viz.:

"Now your relator says that the judgment from which an appeal is sought is not a moneyed judgment, nor a judgment for the delivery of movables or immovables, and (the respondent) had no authority or right to demand, besides the appeal bond, the special bond herein-before spoken of."

He further shows that all the property and assets of the corporation are in the possession and under the control of the said receiver, an officer of the court, and if same suffer damage or deterioration, it will in nowise be his (relator's) fault; and he represents that when property is in the hands of an officer of the court, and there remains pending the appeal, a bond for costs, is all that can be legally demanded of an appellant.

In the alternative, he denies that the proof discloses the likelihood of any loss being sustained during the pendency of an appeal. And finally the relator avers that the action and order of the judge in requiring a special bond of thirty thousand dollars, if maintained, will practically operate a denial of its constitutional right of appeal, they superadding to an appeal bond a requirement that is illegal and contrary to law.

Hence his prayer is for *certiorari* to issue requiring the respondent to transmit to this court a certified copy of the record in said suit; for prohibition to restrain further proceedings in the matter of said sale; and *mandamus* to coerce a suspensive appeal on relator's one thousand dollar bond, which has been already tendered.

The respondent has sent up the original records of his court, in lieu of certified copies thereof, because of the delay which the making of certified copies would engender.

He returns, substantially, that, in view of the fact that he was unable, at the moment, to fully and definitely determine what the amount of the suspensive appeal bond should be—taking into consideration the injury which might possibly be wrought to all parties in interest by a suspension, for any length of time, of the order of sale, and, at the same time, be preservative of the relator's right of appeal—he made an order for the taking of testimony on that question, regarding such to be a conservative and proper course to be pursued, under the circumstances.

He further returns that, in his opinion, the testimony taken in pursuance of said order established the fact that great loss and injury would be entailed upon the corporation and its property by

the proposed appeal of the relator—a careful summary of the evidence adduced, and the reasons which influenced his judgment in the premises, being given at length.

He further returns " that, considering all these facts and circumstances, he considered it in the plain line of his duty, and in the exercise of a just and reasonable discretion, warranted by the settled jurisprudence of this State, to demand a bond equal to the amount of damage likely to result from a suspension of the order from which an appeal was sought," and hence he made the aforesaid order.

He insists that this was a proper case for the exercise of his discretion, and that such discretion was justly and reasonably exercised, and his action was warranted by the decisions of this court, and notably that in the case of State vs. Judge, 19 La. 167; State ex rel. Coons vs. Judge, 27 An. 334; and in Hart vs. Judge, 34 An. 1210.

The controversy is thus narrowed to one question, and that is whether the relator is entitled to appeal suspensively from the order of sale upon its furnishing bond in the sum of one thousand dollars as fixed by the respondent's order; or was the right of appeal properly conditioned upon relator *previously* furnishing an additional bond for damages.

Relator furnished and caused to be filed the suspensive appeal bond of one thousand dollars, but declined to furnish the additional bond of thirty thousand dollars to cover such damages as may result during the pendency of the appeal.

The contention is, substantially, that under an *ex parte* order of the respondent at the request of plaintiff in the aforesaid suit a receiver was appointed, who qualified, gave bond and entered into possession of all the property and assets of the corporation; and is now, and has been at all times since said order was made in the actual possession, management and control thereof for the account of the creditors of the corporation. That certain of the creditors of the corporation having intervened in said suit, *but having obtained no judgment therein*, applied to the respondent *pendente lite* for an order for the sale of all its assets and property, as a conservatory measure, in the interest of all parties concerned.

That believing a sale would be injurious and result in irreparable injury and loss to the corporation, relator applied to the respondent for an order of suspensive appeal, which he granted under the suspensive condition above stated.

Of the imposition of this condition, relator complains that it is illegal and unwarranted in law; that the only judgment which the appellate court *could* render adverse to the corporation would be one affirming the validity and legality of the sale-order, directing the sale to be proceeded with; and, inasmuch as the property is in the hands of the receiver, an officer of court, and being operated by him for account of creditors, any loss which might happen during the pendency of the appeal could not be attributed to it—no part of the revenue passing under its control, and no part of the property being under its administration.

That the judgment, or interlocutory decree which is appealed from, is not a moneyed judgment nor one for the delivery of property, movable or immovable, and, consequently, the only bond that can be required is one that will cover the costs of the appeal, and that any other, or different bond which may be required, as an incident of the appeal, is without any warrant in law, and has the effect of a denial of its *exercise* of the right of appeal, notwithstanding its *right* to a suspensive appeal is conceded.

It is, therefore, a fact well recognized that the only *appeal* bond which the corporation was required to furnish was only one that would cover costs—the corporation having been divested of possession by the appointment of a receiver, and by his investiture of possession it became a stranger to the litigation *quoad* the order of sale, and relegated to the rights of a third person.

This statement would seem to close the controversy but for the reasons assigned by the respondent, which are persuasive, though unsound.

The only thing the respondent was called upon to determine was the amount of bond necessary for a suspensive appeal from the order of sale; and, in order to do that, he was only charged, under the law, to ascertain what amount would cover costs of appeal.

This the respondent did. He ascertained and fixed the amount of the bond for suspensive appeal, and the relator gave it.

Our predecessors stated the rule comprehensively and accurately in State *ex rel*. Durand vs. Judge, 30 An. 282.

" The right of appeal is a precious one," says the court, " and it should be favored and aided by the courts. There should be no difficulty in fixing the amount of the bond for an appeal in any case. When the judgment is for a specific sum, the *party cast* must give

State ex rel. Brewing Co. vs. Judge.

bond for a suspensive appeal for a sum exceeding by one-half the amount for which the judgment was given. C. P., Art. 575.

" If the judgment decree the delivery of movable property of a perishable nature, the security for a suspensive appeal must be for an amount exceeding by one-half the estimated value of such movable. *Id.* 576.

" If the judgment decree the delivery of real estate not of a perishable nature, security shall only be required to an amount exceeding by one-half the estimative value of the revenue to be derived from such realty pending suit, and for such further amount as the judge may determine, as surety for any injury or deterioration which may be caused to the estate *by the appellant while in possession of the same.* *Id.* 577.

" In all cases not falling within the terms and provisions of these articles, *no other security is necessary than such as will suffice to cover the costs.*"

The suit of State *ex rel.* Block vs. Judge, 44 An. 564, presents a case of an intervenor demanding the right to suspensively appeal from a large money judgment which was awarded the plaintiff, against the defendant, sustaining an attachment, on furnishing a bond sufficient to cover costs. The district judge required a bond for one-half above the amount of the judgment, and this court made peremptory a *mandamus* of the intervenor, saying:

" The law fixes no standard for the amount of bond to be given by a party who wishes to take a suspensive appeal from a judgment refusing him a participation with others *in a fund in the hands of the court. A bond for cost* is sufficient," citing authorites. "The bond could only be for the satisfaction by the surety of the judgment to be rendered on appeal, should the principal fail to pay it. In no court could the relators be condemned, on appeal, to pay more than the costs. Requiring a bond for more would be *oppressive and an idle formality.*" (Our italics.) Succession of Edwards, 34 An. 216.

In Blanchin vs. Fashion, 10 An. 345, the principle is stated clearly.

" The expressions of the article (C. P. 575)," say the court, "imply that the judgment to necessitate a bond in one-half exceeding its amount must be one which the appellant has been condemned to pay. This amount of bond does not, therefore, seem applicable to the case of a judgment when the party appellant is condemned to pay *nothing.* Accordingly a bond for costs only was held to be suffi-

32

cient for a suspensive appeal in an action of partition when the fund *to be divided was in the hands of the court.*"

In the case of State *ex rel.* Eustis vs. Judge, 27 An. 685, the court said very tersely: "*As appellant is not in possession of the funds in controversy, he need only give bond for the amount of costs.* 10 An. 345; 20 An. 108. As he did this within ten days, the appeal operated a *supersedeas.* C. P. 575."

In State *ex rel.* Hickey vs. Judge, 20 An. 108, it was substantially held that where there is no standard specially fixed by law, as to the amount of the appeal bond required to operate a *supersedeas*, pending an appeal, the judge should allow a suspensive appeal on appellant giving bond in an amount sufficient to cover costs. State *ex rel.* Sharp vs. Judge, 22 An. 176; State *ex rel.* Garrison vs. Judge, 21 An. 43.

In Heath vs. Vaught, 16 La. 515, the court put the proposition thus:

"The fund out of which all of the claims were to be paid *was in court*; it is therefore only necessary to inquire what judgment the court can render to determine the sufficiency of the bond. If the appeal shall be successful, then Heath & Co. are not liable for anything; if they are unsuccessful, they are only liable for costs. The bond is very ample to cover them."

In State *ex rel.* Picot vs. Judge, 27 An. 231, it was held that, inasmuch as the property belonged to a succession, and was in the custody of the court, a suspensive appeal could be taken on the appellant furnishing a bond for costs. State *ex rel.* Beebe vs. Judge, 23 An. 31.

To the foregoing authorities, others of like purport might be added *ad infinitem*, but others are not deemed necessary. The tenor and purport of them all is that when the matter, fund or property in dispute is not in possession of the appellant, and he is not the party condemned by the judgment that is appealed from, but the *res* is in the hands or custody of the court, appellant is entitled to suspend proceedings under such decree, on furnishing a bond that will cover costs.

The cases cited and relied upon by the respondent are not pertinent to the question before the court.

State *ex rel.* Coons vs. Judge, 27 An. 334, involved the case of a relator claiming the right to a suspensive appeal on a bond for costs

in an injunction suit in which he sought to restrain the sale of a valuable steamboat, and in which he claimed a large money judgment against the defendant—the effect of the appeal being to perpetuate his injunction.    His mandamus was refused.

In Hart vs. Judge, 34 An. 1210, the relator was likewise a plaintiff in an injunction suit which had been dissolved, and he sought to obtain a suspensive appeal on a bond for costs, but this court required relator to file an additional *injunction bond*—not appeal bond —to cover such damages as " *shall have been sustained by the injunction heretofore obtained;*" not for the purpose of covering possible damages which might result from the appeal.

State vs. Judge, 19 La. 167, presents a somewhat similar question of injunction, and like decision.

In State *ex rel.* Cain vs. Judge, 40 An. 841, relator was plaintiff in an injunction suit restraining the defendant from exercising the functions of an office he claimed, and, from an adverse judgment, he asserted the right to appeal, suspensively, on furnishing a bond for costs; and to this effect the *mandamus* was made peremptory.

In State *ex rel.* Vial vs. Judge, 36 An. 910, another case is stated of an injunction dissolved, the only controverted question being the *quantum* of costs, a question not involved in this case.

After having gone over this case very thoroughly and made a careful examination and analysis of authority on the question involved, we have arrived at a conclusion different from the one entertained by our learned brother of the District Court.

Waiving any expression of opinion as to the *right* of appeal in this class of cases—a question not presented for decision—our conclusion is that the relator can not be required to furnish bond to cover damages that may accrue during the pendency of an appeal; and, thus concluding, it is ordered, adjudged and decreed that the writs prayed for be made peremptory.