(63 South. 496.)

No. 19,968.

PRATT ENGINEERING & MACHINE CO. v. CECELIA SUGAR CO.

In re GODCHAUX.

(Nov. 3, 1913. Rehearing Denied Dec. 1, 1913.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 465*)—SUSPENSIVE APPEAL—BOND.

Where A. sued B. in a state court for the balance of the price of certain sugar-house machinery, claiming a vendor's lien and privilege on the same, and caused the property to be seized under writs of sequestration, and several weeks later at the suit of another creditor in a federal court a receiver was appointed for the defendant B., who subsequently intervened in the state court and answered the petition of the plaintiff A., and on trial a judgment was rendered against the receiver for the sum sued for, with interest and costs, and with recognition and enforcement of plaintiff, B.'s vendor's lien and privilege as claimed, *held,* that the receiver could not divide the judgment

and suspensively appeal from the order for the sale of the property, on a bond for costs, and could not suspend the execution of the judgment except on bond and security for an amount exceeding by one-half the sum for which the judgment was rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2235–2240; Dec. Dig. § 465.*]

Provosty, J., dissenting.

Action by the Pratt Engineering & Machine Company against the Cecelia Sugar Company. Jules Godchaux, receiver for defendant, intervened. Judgment for plaintiff, and an order for a suspensive appeal was denied, and the receiver applies for writs of mandamus and prohibition. Application dismissed.

Foster, Milling, Brian & Saal and Solomon Wolf, all of New Orleans, for relator. Dufour & Dufour, of New Orleans, for respondent.

LAND, J. The Pratt Engineering & Machine Company instituted suit in the civil district court of the parish of Orleans against the Cecelia Sugar Company, to recover $12,395, representing the balance of the purchase price of certain sugar-house machinery, and prayed for the recognition and enforcement of its vendor's lien and privilege on the said property, and also for a writ of sequestration. Under said writ, the macinery sold was seized by the sheriff of the parish of St. Martin, and still remains sequestered in his hands. Pending this suit, Jules Godchaux was appointed receiver for the sugar company in a suit of Erie City Iron Works v. Cecelia Sugar Co., instituted in the United States Distrct Court for the Eastern District of the State of Louisiana. The receiver intervened in the Pratt suit in the state court and filed his answer to the plaintiff's petition therein. In due course the suit was tried and judgment was rendered against the receiver for the full amount sued for, with interest and

costs, with recognition and enforcement of the vendor's lien and privilege claimed on all the property seized by the sheriff under the writ of sequestration.

Thereupon the receiver moved the court for a suspensive appeal from that part of the judgment granting the plaintiff a vendor's lien and privilege upon the machinery sold and delivered, and the receiver was granted such an appeal upon his executing bond according to law in the sum of $500.

The plaintiff in the suit moved the court to vacate this order for a suspensive appeal on the grounds: First, that the receiver had acquiesced in the judgment; and, secondly, that the bond was, wholly insufficient in amount for a suspensive appeal.

The judge revoked the order as prayed for, and thereupon the receiver applied to this court for a mandamus ordering the respondent judge to reinstate the order of suspensive appeal, granted to the receiver, and for writs of prohibition to the plaintiff in the suit, and the sheriff, enjoining them or either of them from executing or attempting to execute the judgment against the receiver.

The first point made by the relator is that he had the legal right to acquiesce in the money judgment, and at the same time appeal from that part of the judgment recognizing and enforcing plaintiffs' alleged lien and privilege on the property.

In the cases cited by the relator the demands were distinct and separate. Dwight v. Brashear, 12 La. Ann. 860; Succession of Kaiser, 48 La. Ann. 976, 20 South. 184; and in Succession of Calloway, 49 La. Ann. 971, 22 South. 225, it was held that the receipt of property by the heirs was not an acquiescence in the item of commission allowed the succession representative.

As to the amount of bond, there was a money judgment against the receiver, coupled with a decree that certain property in the hands of the sheriff be sold to satisfy said judgment. Under article 575 of the Code of Practice the execution of a judgment for a specific sum of money can be suspended by the defendant only by executing bond and security exceeding by one-half the amount of the judgment. The same rule applies to executory process for the seizure and sale of mortgaged premises, even when the same is in the possession of a receiver. See Interstate Trust & B. Co. v. Powell Bros. & Sanders Co., 124 La. 624, 50 South. 605. This case holds in effect that the circumstance that a judgment for a specific sum of money is secured by mortgage does not affect the question of amount of the bond. This doctrine applies with equal force to like judgments secured by privilege or liens on movable property. The doctrine contended for by the relator would enable a defendant to suspend the execution of a money judgment for a specific sum against him on a bond for costs in all cases where the judgment recognized a mortgage, privilege, pledge, or any other kind of lien on property of any kind, regardless of its sufficiency to satisfy the judgment, with interest and costs. The relator cites a number of cases, but none of them cover the case at bar, where the judgment must be executed by a writ of fieri facias. The judgment referred to in article 575 of the Code of Practice means a judgment that can be executed under a writ of fieri facias. See State ex rel. Board v. Judge, 21 La. Ann. 741.

In State ex rel. Block v. Judge, 44 La. Ann. 87, 10 South. 405, there was no question of appeal involved, and in State ex rel. Block & Sons v. Judge, 44 La. Ann. 564, 10 South. 866, intervener appealed from a judgment refusing him participation in funds in the hands of the court. Cases of appeals in succession matters have no relevancy, since judgments for money against succession are payable in due course of administration, or out of funds to be distributed. In the case of State ex rel. Brewing Co. v. Judge, 46 La. Ann. 490, 15 South. 147, cited in rela-

tor's brief, the point adjudicated is thus expressed in the syllabus:

"An order directing the sale of the property of a corporation which is in the hands of a receiver may be suspensively appealed from by the corporation, on a bond sufficient to cover costs of appeal; the property being in custodia legis and under the control of an officer of court."

The court held that the corporation was a third person against which no money judgment had been rendered, and against which no judgment could be rendered on appeal save for costs. The same reasoning applies to the distribution of funds in the hands of the court. The court differentiated the case from that of a money judgment against the party cast covered by article 575 of the Code of Practice.

In the case at bar the property was never in possession of the receiver, but before his appointment had been seized by process from the state court. The receiver intervened and substituted himself for the original defendant, and judgment for a specific sum was rendered against the receiver. The execution of such a judgment cannot be suspended on a bond for costs. The question before us is the right of appeal by the party cast, and not the correctness of the judgment as rendered by the court below.

It is therefore ordered that the preliminary writs herein issued be recalled and that relator's application be dismissed, with costs.

PROVOSTY, J., dissents and files reasons. See 63 South. 498.