(72 South. 217)

No. 21896.

LEON GODCHAUX CO., Limited, v. GALL. In re KLING.

(May 8, 1916. Rehearing Denied June 30, 1916.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ⊂⇒465(2) — AMOUNT OF BOND—DETERMINATION—SUSPENSION OF EXECUTION.

The amount of the bond that an appellant, meaning any one who takes the appeal, is required to give, in order to suspend the execution of a judgment for a specific sum, is determined by Code Prac. art. 575, and is not to be fixed by the judge in cases where the fund in dispute, and from which such judgment may be paid, is not in the registry of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2239, 2240; Dec. Dig. ⊂⇒ 465(2).]

Action by the Leon Godchaux Company, Limited, against Mrs. Amelia Gall, widow of E. A. Pharr, wherein Lazard Kling inter-

vened. Judgment for intervener was subordinated to judgment for plaintiff, and, a bond for a certain sum being required of intervener in order to suspend execution, intervener applies for writs of mandamus, prohibition, and certiorari. Application denied.

Weeks & Weeks, of New Iberia, for relator. Foster, Milling, Saal & Milling, of New Orleans, for respondent Leon Godchaux Co.

MONROE, C. J. Plaintiff obtained judgment against defendant for specific sums, aggregating over $25,000, ·with interest, attorney's fees, and recognition of mortgage. Intervener, who came into the case, "joining defendant in resisting the demands of the plaintiff, and, in part, opposing both of said parties," obtained judgment against defendant for $3,300, with interest, etc., and recognition of mortgage, but the mortgage asserted by him was subordinated to that asserted by plaintiff, and he desired to suspend the execution of the judgment, on a bond for costs, or, say, for, $100. The trial judge was of opinion that, in order to suspend execution, a bond should be given, as required by C. P. 575, for an amount exceeding by one-half the "specific sum" for which the judgment was given. Hence this application for mandamus, etc. We are of the same opinion. The language of the article mentioned is clear, to the effect that the appellant in such case, meaning any one who takes the appeal, shall give the bond required by the article, and there is no other provision of law which relieves an intervener, or a third person alleging an interest, who takes the appeal, from the obligation thus imposed. The argument that the matter is controlled by C. P. 579, and that, if it appear that no judgment has been rendered against the intervener, he should be allowed to suspend the execution of the judgment on a bond for costs, ignores the interest of the party who has obtained the judgment, and proceeds upon the theory. that the obligation to be incurred by an appellant must necessarily be proportioned to his interest, so that an intervener, or third person, with an interest of, say, $100, should be permitted to suspend a judgment for $1,000,000, or any other amount, on a bond for costs, whilst the party condemned must give bond for an amount exceeding by one-half that of the judgment, a theory which is at variance with the presumption that a judgment is correct, until the contrary is shown, and with the plain provisions of the law. The view taken by the trial judge is sustained by the decisions of this court in State ex rel. Wassell v. Judge, 22 La. Ann. 115, which is directly in point, and by the decisions in State ex rel. Block v. Judge, 44 La. Ann. 564, 10 South. 866, and Pratt Engineering Co. v. Cecelia Sugar Co., 133 La. 1003, 63 South. 496, which are pertinent to the issues involved. The authorities relied on by relator deal with cases of different kinds, unlike that here presented.

It is ordered that the prohibition herein issued be set aside, that relator's application be denied, and that this proceeding be dismissed, at his cost.