SOMMERVILLE, J.
Frank W. Hatch represents in his petition to this court for a writ of prohibition that there were two suits in the civil district court, one entitled John T. Whitaker v. Orangedale Colony Company, and the other Frank W. Hatch v. John T. Whitaker, which suits were consolidated on the trial thereof. In the first suit, which was a proceeding via ordinaria, John T. Whitaker asked for a personal judgment against the Orangedale Colony Company and for recognition of the lien and privilege mentioned in the note sued upon. The Orangedale Colony Company accepted service, but did not answer. There was a default taken against it, which default was afterwards confirmed. It did not appeal from the judgment, which was for $6,166.67 and interest, with recognition of a vendor’s lien. Frank W. Hatch intervened in that suit and claimed to be owner of the notes sued upon. His intervention was dismissed, and he has appealed suspensively. In Hatch’s suit against John T. Whitaker, he claimed the balance of the notes covered by the mortgage sued upon in the first case. There was judgment rejecting his demand, and Hatch appealed suspensively from that judgment, and furnished one bond in the sum of $200 for costs of court in both suits.
After the expiration of the time for taking a suspensive appeal, Whitaker appeared in the district court and caused á rule to be served upon Hatch, intervener in the one case, and plaintiff in the other, calling upon him to show cause why a writ of execution on the judgment rendered should not. issue, for the reason that no legal and proper bond had been filed for a suspensive appeal; and he asked that the appeal granted to this court be rescinded and set aside as having been illegally and improvidently issued. That rule did not go to trial until after the transcript had been filed in this court. On the trial of the rule it was made absolute, rescinding and setting aside the order for a suspensive appeal herein issued from the judgment herein rendered because of the insufficiency in the amount of the appeal bond, and the failure of Hatch to file within the legal delays a proper and sufficient bond when his attention to the insufficiency of the bond filed by him was brought to the notice by the rule filed herein.
Thereupon Hatch applied to this court for a writ of prohibition directed to the district judge and to John T. Whitaker forbidding them from attempting to execute or to allow the execution of the judgment suspensively appealed from by him.
The judge and Whitaker made similar returns in which they showed that, when .the rule to set aside the order for a suspensive appeal was called for trial, Hatch made no objection to the trial of said rule, and filed no plea to the jurisdiction of the respondent judge over the case; and the judge further showed that no application for prohibition will be entertained by this court when no plea to the jurisdiction of the respondent’s court was made and overruled.
The respondent judge further showed that he retained jurisdiction to entertain a rule to set aside an order improvidently granting an appeal in a case pending before him. In deciding, as he did, that no suspensive appeal would lie from a moneyed judgment, where no fund was in the custody of the court, unless a bond for the amount of the judgment and one-half over and above same was given, he followed the decision of this court in Godehaux v. Gall, 139 La. 750, 72 South. 217.
*215 Further, that an intervener in appealing suspensively from a moneyed judgment rendered against him defendant, and rejecting the demand of the intervener, he could only suspend execution by filing an appeal bond for the amount of the judgment and one-half over and above same. In support of this position he quoted from State ex. rel. John Wassell v. Judge, 22 La. Ann. 115. There the identical question was disposed of in the following words:
“The judgment appealed from was certainly for a specific sum, to wit, $2,572.81, according to the statement of the relator himself. .Now, article 575, O. P., declares that if the appeal be taken within a limited time after judgment, it shall stay execution; ‘provided, the appellant give his obligation, with a good and solvent security, residing in the jurisdiction of the court, in favor of appellee, for a sum exceeding by one-half the amount for which judgment was given, if the same be for a specific sum, as surety for the payment of the amount of such judgment.’ * * *
“This case comes directly under the provisions of article 575, G. P., and we think, in order for the appeal to operate suspensively, the bond should have conformed thereto.”
And the writ of prohibition was denied.
The foregoing decision was followed and applied in the case of Godehaux v. Gall, 139 La. 750, 72 South. 217. In that case we said:
“The language of the article mentioned is clear, to the effect that the appellant in such case, meaning any one who takes the appeal, shall give the bond required by the article, and there is no other provision of law which relieves an intervener, or a third person alleging an interest, who takes the appeal, from the obligation thus imposed. The argument that the matter is controlled by O. P. 579, and that, if it appear that no judgment has been rendered against the intervener, he should be allowed to suspend the execution of the judgment on a bond for costs, ignores the interest of the party who has obtained the judgment, and proceeds upon the theory that the obligation to be incurred by an appellant must necessarily be proportioned to his interest, so that an intervener, or third person, with an interest of, say, $100, should be permitted to suspend a judgment for $1,000,000, or any other amount, on a bond for costs, whilst the party condemned must give bond for an amount exceeding by one-half that of the judgment, a theory which is at variance with the presumption that a judgment is correct, until the contrary is shown, and with the plain provisions of the law.”
The respondent judge further shows, that by Act 112 of 1916, p. 241, it is provided that for a period of two days after serving of notice that the bond given is deficient or defective upon the party giving such bond he may substitute a proper bond for the defective bond given; and he pleads the prescription of two days, as the appellant did not tender an additional or proper bond for the appeal. But none of the parties appear to have proceeded under Act 112 of 1916, and in our view of the case it is unnecessary for that act to be now considered. ■
This application being for a writ of prohibition, no other question than that of jurisdiction of the district court or competency of that court can be raised under the following decisions. And as no plea to the jurisdiction appears in the pleadings, or was passed on by the trial court, and respondents allege there were no such plea or exception filed, there is nothing before this court.
In the case of State ex rel. Attorney General v. Judge of Twenty-Sixth Judicial District, 34 La. Ann. 611, in disposing of a similar case it was held and concisely state-ed as follows:
“This application, being for a writ of prohibition merely, can raise no other question than that of jurisdiction of the court or comper tency of the judge. G. P. arts. 845 to 854.
“Questions of regularity of proceedings are presented by writ of certiorari. G. P. art. 855 et seq.
“We have nothing to do, then, with any question except the jurisdiction of the inferior court over the cause, without reference to the particular proceedings taken therein.
“The. present application is disposed of by the fact that no plea' to its jurisdiction has been filed in, or passed upon by, the lower court.
*217 State ex rel. Larrieux v. Judge, 29 La. Ann. 806.
“The prohibition prayed for is refused/ and the rule discharged at relators’ cost.”
In the case of State ex reí. Le Blanc v. Henry, 41 La. Ann. 908, 6 South. 807, the question is disposed of in the following summary way:
“The answer of the respondent suggests, however, a fatal defect in the proceedings, which puts it beyond our power to, grant relators relief, and it is that there appears to have been filed in the respondent’s court no exception to his jurisdiction and that is a condition precedent to relief by prohibition.”
In that ease the restraining order was rescinded, and the prohibition refused.
To the same effect is the decision in State ex rel. Baker v. Judge, 43 La. Ann. 1119, 10 South. 179, where the court refused to issue a writ of prohibition.
The prohibition prayed for is refused, and the rule is discharged at relator’s cost.
PROVO STY, J., concurs in the decree.
O’NIELL, J., dissents.
DAWKINS, J.,
dissents for the reason that he is of the view that the plaintiff has not pursued the method for testing the sufficiency of the bond as provided in the Act No. 112 of 1916.