LAND, J.
On June 18, 1923, plaintiff, a commercial firm, brought suit in the Twelfth judicial .district court for the parish of Sabine against C. L. Larson; trustee for a proposed corporation, alleging an indebtedness of $8,156.83, and asserting that same was secured by a vendor’s privilege and special chattel mortgage on certain sawmill property, sold by its owners to said trustee, who . dssumed the payment of plaintiffs’ debt, in the contract of sale in- question. This contract was duly recorded in the parish of Sabine.
On September 4, 1923, plaintiff filed a sup-' plemental petition, praying for the sequestration of said property, which was seized and released to said trustee upon the execution by him of a forthcoming bond in the sum of $8,500.
On October 20, 1923, the case was tried and submitted to the lower court. On the same date, on the application of another creditor, relator was appointed by respondent judge receiver of the Zwolle Lumber Company, Inc., to which the trustee had sold the property involved in this suit May 11, 1923 ; said corporation assuming the payment of plaintiffs’ debt.
On October 22, 1923, the relator duly qualified as receiver, by taking the oath and giving the bond fixed by respondent judge, and was placed in possession of all of the .property of said corporation, and authorizedi to operate its business as a going concern. Upon the filing of an inventory of the property of said corporation, together with a schedule of debts, relator’s bond was increased and a new bond given by him. No appeal was prosecuted from the judgment appointing relator as receiver. Notwithstanding these proceedings, the respondent judge rendered a judgment in the sum of $8,156.63 in favor of plaintiffs on October 27, 1923, maintaining the writ of sequestration, ordering the property seized herein to be sold according to law, and that the judgment be paid by preference and priority over all other claims out of the proceeds- of said sale. On November 2, -1923, relator applied for and was granted a suspensive appeal from said judgment, on giving bond for costs in the sum of $300. On November 3, 1923, the appeal bond was duly approved and filed in the lower court. On November 6, 1923, the order granting said appeal was vacated, after contradictory hearing, on the ground that a bond for a sum exceeding by one-half the amount for which the judgment had been given was required under article 575 of the Code of Practice, in order .to suspend the execution of the judgment.
It is to be observed that no judgment for money has bfeen rendered against the receiver in this case, nor had any judgment been obtained by plaintiffs against the trustee, before the appointment of the receiver and his taking possession of the property involved in this case. /
In the case of Pratt Engineering & Machine Co. v. Cecelia Sugar Co., 133 La. 1003, 63 South. 496, relied ijpon by respondent judge, the receiver intervened in the seizure of the property by process from the state *1001 court before his appointment, and substituted himself for the original defendant, and a judgment for a specific sum was rendered against him. In the present case, the receiver is no party to plaintiffs’ suit, and we have held that, where the property is, in custodia legis, in the hands of a receiver who is a third person against whom no judgment has been rendered, a suspensive appeal may be taken by the receiver upon bond for costs of appeal. Brewing Co. v. King, 46 La. Ann. 490, 15 South. 147; Charvanel v. Esvard, 150 La. 308, 309, 90 South. 658.
These cases are to be differentiated from that of a money judgment against a party cast, and which is covered by article 575 of the Code of Practice. Pratt Engineering & Machine Co. v. Cecelia Sugar Co., 133 La. 1003, 63 South. 496.
Should we sustain the right of the relator to a suspensive appeal bond for costs only, it is clear that the only judgment that could be rendered against him by this court would be one for costs, and, as all of the assets of said corporation are in custodia legis, and as the property conveyed by said trustee to said corporation is incumbered with a vendor’s lien and special chattel mortgage under a contract of sale duly recorded in Sabine parish, it is evident that said corporation purchased said property cum onere, and that the rights of plaintiff are fully protected.
In addition to this, plaintiff is secured by a release bond in the sum of $8,500 executed by the trustee. The act of sale of date January 3, 1923, in which the special mortgage in favor of plaintiff is stipulated, does ■ not contain the pactum de non alienando, and plaintiff therefore has not the right to the •issuance of executory process in this case against the receiver, but has proceeded via ordinaria. Act No. 25 of 1902. It is true ■that section 9 of Act 19S of 1918, the Ohattel Mortgage Act, provides “that mortgages created under this act shall be enforced ‘via ordinaria’ or ‘via executiva’ ”; but there is no provision in said act that authorizes ex-ecutory process against a receiver, as an exception to the general rule prohibiting the seizure and sale of property in the hands of a syndic or receiver. M. E. Church South v. Craighead Co., 130 La. 1079, 58 South. 888.
A receiver, however, may be compelled to pay a debt secured by vendor’s lien and special chattel mortgage by suit brought against him, and without awaiting the liquidation of the receivership. J. P. Hudson & Sons v. Uncle Sam Planting & Mfg. Co. et al., 138 La. 1071, 68 South. 129; In re Receivership of Augusta Sugar Co., 134 La. 971, 64 South. 870.
As the receiver in this case is entitled to a contradictory hearing in a suit brought against him, he has an interest in appealing from a judgment against a trustee, rendered after the property has been sold by the trustee to the corporation, and after the appointment of a receiver.
“The appointment of a receiver- is a species of execution or sequestration which vests in the receiver, as the agent of the court, title to the property of the corporation, with the right of possession.” M. E. Church South v. Craig-head Co., 130 La. 1079, 58 South. 888.
Relator is therefore entitled to the relief asked.
It is therefore ordered that a peremptory writ of mandamus issue herein, directed to the Honorable John H. Boone, judge of the Twelfth judicial district court in and for the parish of Sabine, state of Louisiana, commanding him to set aside the judgment of date November 10, 1920, rescinding the order granting relator a suspensive appeal on the execution of a bond for costs in the sum of $300, and to reinstate the original order for said suspensive appeal from the judgment rendered by him in the case of Beard & Mitchell v. C. L. Larson, Trustee, No. 8330 of the docket of the Twelfth judicial district court; the respondents, Beard & Mitchell, to pay the costs of this application.