## STATE ex rel. SUMNER v. SIMON, Judge.

### No. 1071.

Court of Appeal of Louisiana. First Circuit.
Dec. 6, 1932.

Charles J. Mundy, of New Orleans, for applicant.

Rene H. Himel, of Franklin, for respondent.

## LE BLANC, J.

This matter comes before us on application of the relator, Isaiah Sumner, to compel the district judge, through mandamus, to grant him a suspensive appeal from a judgment rendered on September 1, 1932, in a suit wherein he was the plaintiff and the Grand Lodge, Knights of Pythias, of the State of Louisiana, was defendant. The contest appears to have been over a certain policy or certificate of insurance on the life of one Allen Sumner, deceased, father of the plaintiff. The real issue seems to have been between the plaintiff and two interveners in the case, one Fannie Sumner, widow of the deceased by a second marriage, and the other, the beneficiary under the policy, James Randall, said to have been a nephew. The judgment of the lower court went in favor of the intervener Randall and against all other parties to the suit. It rejected the demands of the plaintiff and of the intervener Fannie Sumner and decreed judgment in the sum of $570 with interest, in favor of Randall and against the defendant Grand Lodge.

It further appears from the application that this suit had been consolidated for trial with two other suits involving policies or certificates of insurance on the life of the same deceased in two other fraternal insurance societies. In both of those suits, the insurance societies were plaintiffs and had deposited the proceeds of the policies in the registry of the court and had cited both Randall and Isaiah Sumner to assert their respective claims to the funds. The issue in those suits was the same as in this, and the trial resulted in judgment in favor of Randall in each.

It may be pertinent to remark at this point that no deposit of the fund was made by the defendant insurance society in this suit.

In due time, Isaiah Sumner, through his attorney, filed a single motion for appeal in all three suits. In the motion, he is referred to as plaintiff in the present suit and defendant in the other two. The court granted a single order of appeal and made the same returnable to this court fixing bond.

The appellant at first filed a bond with a personal surety, leaving the amount of the bond in blank. Upon due notice to that effect, however, he then filed a bond with the Union Indemnity Company as surety, in the sum of $150, for a suspensive appeal. The intervener James Randall then ruled the appellant into court to show cause why the appeal he had obtained should not be set aside for insufficiency of the bond, he alleging in his motion that a bond in the sum of $150 was manifestly not enough to protect the intervener Randall's moneyed judgment in the sum of $570 with interest, on a suspensive appeal, since in such cases the bond

**646**

for such appeal was fixed by law at one and one-half times the amount of such judgment. Upon trial of the rule, the court rendered judgment making the same absolute and dismissing plaintiff's suspensive appeal. As a result of that judgment, plaintiff then applied to this court for the present relief he seeks through the writs we now have before us for consideration.

In his application for the writs, the relator alleged that on July 23, 1932, a motion and order for a suspensive appeal was forwarded to the clerk of court and by the latter transmitted to the district judge, who signed the same on July 30, 1932, "fixing the bond for costs to be furnished by plaintiff, Isaiah Sumner in the sum of $150.00 and fixing the return day to the Honorable the Court of Appeal, First Circuit of the State of Louisiana for September 6, 1932." The application then sets out that the relator complied with the order by furnishing bond in the manner already herein stated. It was mainly on these averments, supported by the affidavit of the relator, that this court granted alternative writs directing the district judge and the intervener Randall to comply with the demands made, or else show cause to the contrary on a day fixed by the court. In the meantime all proceedings were ordered stayed. The return of the district judge to the order of this court indicates clearly, however, that in considering the motion for appeal in the three consolidated cases, being aware of the fact that in this case the proceeds of the policy in controversy had not been deposited in the registry of the court, he deemed it necessary to fix the amount for a suspensive appeal according to what the law directs and that the devolutive appeal bond only was fixed at $150. The answer of the intervener Randall also contains averments to the effect that the court's order granting the suspensive appeal fixed the amount of the bond to be given according to law, which, in view of the judgment being a moneyed one, necessarily meant that the bond had to be for a sum exceeding by one-half the amount for which the judgment was given, including interest, as provided for by article 575 of the Code of Practice.

The apparent conflict between the allegations of the application presented to us and the returns made thereto compelled us to consult the record, which in the meantime had been filed in this court, for the purpose of passing on the question of the relator's right to a suspensive appeal. The order of the court very plainly provides that the plaintiff is granted a suspensive appeal, "upon his furnishing bond with good and solvent surety, conditioned as the law directs," and a "devolutive appeal bond in the sum of One Hundred Fifty ($150.00) Dollars." The district judge, in his return, informs us that his

order was predicated upon Act 289 of 1926, which is now embodied in article 575 of the Code of Practice, just referred to by us, and also upon the decision of the Supreme Court in the case of Leon Godchaux Co., Ltd. v. Gall, 139 La. 750, 72 So. 217. We find that decision peculiarly appropriate in the situation here presented and that it amply sustains the trial judge in his ruling. Had we been presented with a copy of the order of appeal granted by the court at the time the application for writs was made by the relator instead of acting on the sworn allegation of the application, we doubt very seriously that the rule to show cause herein would have been issued.

The relief demanded under the application for the writs herein presented is denied, and the order restraining further proceedings in this matter herein which was granted by this court on September 15, 1932, is hereby recalled, annulled, and set aside.