No. 2452.—THE STATE on the relation of ROSETTE E. STORRS v. THE JUDGE OF THE FOURTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

An appeal will lie from an interlocutory order dissolving an injunction on the ground that the surety on the injunction bond is not good and solvent, and a writ of mandamus will issue to compel the Judge to send up the record.

APPLICATION for a Writ of Mandamus. *Paul E. Théard, J.*, in *pro. per. John A. Grow* for relator.

WYLY, J. This is an application for the writ of mandamus to compel the Judge of the Fourth District Court to grant a suspensive appeal from his order dissolving the injunction in the case of Rosette E. Storrs v. Edward Thompson *et al.*

The District Judge presents for our consideration two propositions, which he insists can only be decided in the negative, and which justify the course he has taken in the premises, viz:

1. "Does an appeal lie from a decision dissolving an injunction, when the sole ground for the dissolution is the insolvency of the surety on the injunction bond?"

2. "Can your Honors revise my judgments in the matters relative to the solvency of sureties?"

He insists that great detriment will occur in the administration of justice if Judges, in the first instance, are not to be the sole judges of the sufficiency and solvency of sureties.

The District Judge, from the evidence, arrived at the opinion that the surety was not sufficient, and therefore dissolved the injunction.

If the opinion of the District Judge be correct, the injunction was properly dissolved; if not, it was improperly dissolved and the relator has been aggrieved. The relator seeks to have that opinion revised by this Court. C. P. 570.

If the judgments of the courts of the first instance were always correct, an appeal would be unnecessary in any case; but for fear of error or misapprehension of the law, and the merits of causes, the remedy of appeal has been provided to revise the judgments of District Courts. C. P. 570, 571, 573, 575.

The right of appeal is not only given from final judgments, but likewise from all interlocutory judgments, when such judgment may cause an irreparable injury. C. P. 565, 566.

The State on the relation of Rosette E. Storrs v. The Judge of the Fourth District Court for the Parish of Orleans.

It is quite immaterial upon what ground the judgment is based, whether it be upon matters relative to the solvency of sureties or upon any other ground, the right of appeal is preserved. Where the law has not discriminated, we cannot discriminate, however detrimental to the administration of justice.

The relator in this case moved for an appeal on the ground that the order dissolving the injunction caused her an irreparable injury. The District Judge said no; "an injunction was ordered to issue in this case on petitioner furnishing bond with good and solvent surety. She has failed to furnish that surety, therefore there is no injunction, and consequently nothing to appeal from. Appeal refused."

The learned Judge decided that the surety was not good and solvent, and therefore dissolved the injunction. The relator wishes to have that judgment revised, on the ground that it works her an irreparable injury.

Under the articles of the Code of Practice to which we have adverted, she certainly has this right; and in our opinion the proper administration of justice requires the right of appeal to be preserved in all cases permissible by law. 21 An. 64, 153, and the authorities there cited.

It is, therefore, ordered that the mandamus herein be made peremptory.