No. 2487.—THE STATE, ex rel. JAMES BANKHEAD, *v.* THE JUDGE OF THE SEVENTH DISTRICT COURT FOR THE PARISH OF ORLEANS.

A party wishing to stay the execution of a judgment directing the seizure and sale of mortgaged property by a suspensive appeal, must give bond within the time allowed in an amount one-half over and above the amount of the order, the same as in an ordinary judgment for a fixed amount.

If the District Judge has committed an error in fixing the amount of the bond for a suspensive appeal from an order of seizure and sale, the appellee is entitled to proceed with the execution of the judgment, and a writ of prohibition will not issue restraining him from executing the order pending the appeal.

APPLICATION for Writ of Prohibition.   Parish of Orleans.
*L. E. Simonds,* for relator.   *T. Wharton Collens,* Judge.

WYLY, J.   The relator appealed from an order of seizure and sale, sued out against him by Solomon Rosenthal, on a mortgage note for $13,000 and interest, the amount of appeal bond being $2800, as fixed by the Judge of the Seventh District Court for the parish of Orleans.

That part of the order of appeal fixing the amount of the suspensive appeal bond, was subsequently rescinded by the judge, and execution was allowed to issue.

The relator now applies to this court for the writ of prohibition to restrain the execution of the judgment, on the ground that the District Court was divested of jurisdiction when he complied, within legal delays, with the order of appeal, by giving bond in the amount fixed by the judge, and that the said court could thereafter inquire only into the sufficiency of the surety, and whether the order of appeal had been complied with; that if the judge erred in fixing the amount of the bond at too small a sum, his error could be corrected by the Supreme Court only; and his own judgment could not be revised by him after signing it.

The relator also contends that the amount of the bond so fixed by the judge is sufficient for a suspensive appeal, being sufficient to cover costs and damages, inasmuch as the appeal is from an order of seizure and sale, and not from a personal judgment. By article 575 of the Code of Practice, it is provided that the appeal, when taken within legal delays, shall stay execution till final judgment be rendered on the appeal; "provided, the appellant give his obligation with a good and solvent security, residing in the jurisdiction of the court, in favor of the appellee, for a sum exceeding by one-half the amount for which the judgment was given, *if the same be for a specific sum*, as surety for the payment of the amount of such judgment, in case the same be affirmed by the court to which the appeal is taken."

Article 578 declares: "If the appeal be taken after the ten days have expired, or if the appellant fail to furnish the surety required in the preceding articles, such appeal shall not stay execution of the judgment."    *    *    *    *    *    *    *    *

The mortgage imported a confession of judgment, and the order of seizure and sale granted thereon was for $13,000 and interest—*a specific sum*. A judgment *in rem* may be for a sum as specific as a personal judgment. To suspend the execution of a judgment for a specific amount, whether it be an order of seizure and sale or an ordinary judgment, the appeal bond must conform to article 575 C. P. 20 An. 179.

If the appellant fails to furnish such a bond, within legal delays, the appellee has the right to proceed with the execution, notwithstanding the appeal. C. P. 578; 9 R. 186; 5 L. 129; 5 An. 360; 12 An. 175.

The question is not whether this court, or the court below, has jurisdiction, for undoubtedly the bond for the amount fixed by the judge, though less than the law requires for a suspensive appeal, is sufficient for a devolutive appeal, and this court is invested with jurisdiction of the case; but the question is, can the improvident order of the District Judge, fixing the bond for less amount than required by law, deprive

the appellee of the right to proceed with the execution of his order of seizure and sale, notwithstanding the appeal? We think not. The only limitation of the right of the appellee to do so is that imposed by article 575 C. P., which stays the execution, provided a bond with solvent security be given, within legal delays, for a sum exceeding by one-half the amount for which the judgment was rendered. If for a less amount, as in the case before us, it will not stay execution. C. P. 578; 5 An. 360; 12 An. 175.

Whether that part of the order, fixing the amount of the bond in a sum less than that required by law for suspensive appeals, was rescinded or not, the appellee was entitled to proceed with the execution of the order of seizure and sale; and we can not grant the writ of prohibition applied for to restrain the District Judge from permitting the appellee to pursue his legal rights.

It is therefore ordered that the writ of prohibition be disallowed, and that relator's petition be dismissed, with costs.