No. 13,075.

MRS. MARY G. T. STEMPEL vs E. FULTON ET ALS.

Stempel vs. Fulton, et als.

## SYLLABUS.

When the judge of the District Court has by inadvertance fixed an insufficient
    bond for a suspensive appeal and thereafter has dismissed the appeal, on
    application for a *certiorari* to the Circuit Court by defendant, the transcript
    of appeal having been filed in the Court of Appeal, that court should direct
    the appeal to stand as a devolutive appeal, the bond being sufficient to se-
    cure costs and being for the amount fixed by the District Court.   Marshal
    vs. Railroad, 5th Ann. 361; 2nd Ann. 462.

IN RE E. Fulton applying for certiorari or writ of review to the
    Court of Appeals, Parish of Orleans, State of Louisiana.

*Theo. Cotonio* for Petitioner.

*E. Howard McCaleb* for Respondents.

Submitted February 20, 1899.
Opinion handed down February 20, 1899.

The opinion of the court was delivered by

MILLER, J.   The relator seeks the writ of *certiorari* to the Court of
Appeals for the parish of Orleans, to review its action in refusing
a *mandamus* to compel the allowance of a suspensive apppeal by the
District Court from the judgment against relator.

The judgment against relator by the District Court was for one
thousand dollars.   By an inadvertance of the judge the bond for the
suspensive appeal was fixed at fifty dollars, the amount being
inserted by the counsel for the appellant, and the bond was fur-
nished.   Thereafter the plaintiff took a rule to set aside the suspen-
sive appeal on the ground the surety was not good and sufficient, and
because of the insufficiency of the bond in amount.   The insufficiency
of the bond would, with more propriety, have been addressed to the
appellate court, though the jurisdiction of the lower court has been
affirmed to set aside an erroneous order such as to direct a suspensive
appeal on a bond for costs to suspend a money judgment of one
thousand dollars.   State *ex rel.* Cicutat vs. Judge, 32 Ann. p. 816;
State vs. Judge, 6 An. 548; 1st Hennen's Digest, p. 330, No. 3.   But
it is clear that though the bond fixed by the District Court was
insufficient for a suspensive appeal, the bond was good for a devolu-

Monroe Building & Loan Association vs. Sheriff.

tive appeal, and the District Court instead of setting aside the appeal should have maintained it as a devolutive appeal.    This error, the relator sought to correct on his application to the Court of Appeal,. but his prominent ground of complaint was that because of a bond furnished for costs, the District Court could not set aside an improvident order for the suspensive appeal.   In our view the District Court should have been directed to modify its order so as to maintain the relator's appeal as devolutive only, or in view of the fact that the record of appeal has been filed in the Court of Appeals, as relator brings to our notice in his application to the court that the order to be made by the Court of Appeals is that the appeal of the relator stand as a devolutive appeal, reserving to the plaintiff in the lower court to proceed with his execution, and our learned brothers of the Court of Appeals, well advised of the law, doubtless assumed that on the bond for costs the relator would have the benefit of a devolutive appeal, and had no purpose to disturb it.

It is therefore ordered and decreed that the Court of Appeal for the parish of Orleans, on the application to it of the relator, do maintain his apppeal as devolutive, reserving the right of plaintiff in execution to proceed with it.