(50 South. 605.)

No. 17,862.

INTERSTATE TRUST & BANKING CO. v. POWELL BROS. & SANDERS CO., Limited, et al.

In re INTERSTATE TRUST & BANKING CO.

(Oct. 18, 1909. Rehearing Denied Nov. 15, 1909.)

1. APPEAL AND ERROR (§ 465*)—AMOUNT OF BOND—EXECUTORY PROCESS—MORTGAGES.

The execution of an order of seizure and sale for a specific sum of money cannot be suspended by an appeal bond for costs. In such a case the suspensive bond should exceed the amount for which the order was granted by one-half, as in case of appeals from money judgments. State ex rel. Bankhead v. Judge, 22 La. Ann. 35, reaffirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2235–2240; Dec. Dig. § 465.*]

2. APPEAL AND ERROR (§ 460*)—APPEAL FROM DISMISSAL OF SUSPENSIVE APPEAL—EFFECT.

Where a suspensive appeal is dismissed in the court below because of the failure of the appellant to file bond in the amount required by law to stay execution, no appeal thereafter allowed from the judgment of dismissal can operate to suspend the execution of the judgment originally appealed from. Reynolds v. Egan, 122 La. 47, 47 South. 371, reaffirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2220; Dec. Dig. § 460.*]

3. APPEAL AND ERROR (§ 488*)—INJUNCTION.

A temporary restraining order issued by the judge, on his own motion, pending the hearing of a rule to set aside an order of seizure and sale, expires with the dismissal of the rule, and

cannot be kept alive by a suspensive appeal from the judgment of dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 488.*]

(Syllabus by the Court.)

The Interstate Trust & Banking Company sued out an order of seizure and sale on a mortgage note against Powell Bros. & Sanders Company, Limited, and Thomas C. Wingate, receiver. An appeal suspensive and devolutive was granted the receiver from an order dismissing his suspensive appeal from a decree of foreclosure and a suspensive appeal from the order of seizure and sale, and plaintiff applies for writs of certiorari, mandamus, and prohibition. Writs made absolute.

Howe, Fenner, Spencer & Cocke and Palmer, Williamson & Lyles, for relator. Alexander & Wilkinson and D. M. Sholars, for respondent T. C. Wingate.

LAND, J. The relator sued out an order of seizure and sale on a mortgage note for $25,000 with 7 per cent. interest from date, and entitling the holder to recover attorney fees and costs as stipulated in the act of hypothecation. The receiver of the mortgagor petitioned for appeals, suspensive and devolutive, and prayed the court to fix the amount of the bond for both appeals. The judge fixed the amount of bond for each at the sum of $200. The receiver furnished bond with two sureties for $400 to cover both appeals.

Relator moved the court to set aside the said bond on the ground that the sureties were insolvent. This motion was overruled.

Relator then moved the court to dismiss the suspensive appeal on the ground that the amount thereof as fixed by the judge was insufficient in law, and to order that the writ of seizure and sale be executed. After a hearing the judge decided that the bond was insufficient in amount for a suspensive appeal and that the relator should have the right to continue the seizure and sale as provided by law.

The receiver next proceeded by rule to set aside the order of seizure and sale on the ground that the relator, having acquiesced in his control and custody of the mortgaged property and his right to sell the same under order of the court, was concluded by its laches from resorting to executory proceedings. The court ordered all further proceedings stayed pending a final hearing of this rule. Relator excepted to the jurisdiction of the court to entertain the rule on the ground that the receiver had taken an order of appeal suspensive and devolutive from the decree of seizure and sale.

This exception was sustained by the court, and the rule was dismissed. The receiver appealed suspensively from this ruling.

The receiver also prayed for an appeal, suspensive and devolutive, from the order dismissing his suspensive appeal from the decree of foreclosure. The court granted the appeal as prayed for, and fixed the amount of the bond for the suspensive appeal at $100, and for the devolutive appeal at the same amount. The receiver perfected this appeal by giving bond.

Relator has applied to the supervisory jurisdiction of this court to vacate the last order of appeal and to enforce its right to foreclose the mortgage. The relator seeks also to set aside the suspensive appeal from the order of seizure and sale on the ground of the alleged insolvency of the sureties on the appeal bond.

The first question to be decided is as to the receiver's right to a suspensive appeal from the decree of foreclosure on a bond for costs.

In Tournillon v. Ratliff, 20 La. Ann. 179, it was held that the amount of the bond for a suspensive appeal from an order of seizure and sale was sufficient when it exceeded by

one-half the amount actually due at the date of the order.

In State ex rel. Bankhead v. Judge, 22 La. Ann. 35, an order of seizure and sale was sued out on a mortgage note for $13,000, and interest. The relator applied for and was granted a suspensive appeal on a bond for $2,800 as fixed by the judge. That part of the order of appeal fixing the amount of the suspensive appeal bond was subsequently rescinded by the judge, and execution was allowed to issue. The relator applied for a writ of prohibition to restrain the execution of the judgment on the grounds: First, that the amount of the bond, being sufficient to cover costs and damages, was sufficient for a suspensive appeal, inasmuch as the appeal was from an order of a seizure and sale, and not from a personal judgment; and, second, that the judge was divested of jurisdiction by the relator's furnishing bond pursuant to the order of the court, and that, if the judge erred in fixing the amount of the bond at too small a sum, his error could be corrected by the Supreme Court only. The court ruled: First, that the order of seizure and sale was for a specific sum of money, and, under article 575 of the Code of Practice, the suspensive bond should have exceeded the amount for which the judgment was given by one-half; and, second, that the improvident order of the district judge, whether rescinded or not, in fixing the bond for less amount than that required by law, could not deprive the mortgage creditor of the right to proceed with the execution of the order of seizure and sale. The court cited Tournillon v. Ratliff, supra, as holding that article 575 of the Code of Practice applied to orders of seizure and sale. Both of these cases were cited with approval in Whan v. Irwin, Tutor, 27 La. Ann. 707, holding that the obligation of the surety on an appeal from an order of seizure and sale was the same as that of the surety on an appeal from an ordinary money judgment. See, also, Landry v. Victor, 30 La. Ann. 1042.

The relator in the present case contends that, under the doctrine of the recent case of Reynolds v. Egan, 122 La. 47, 47 South. 371, the only adequate remedy left to the relator in the premises was an appeal to the Supreme Court for relief in the exercise of its supervisory jurisdiction under article 94 of the Constitution. In that case it was held that:

"Where a suspensive appeal is allowed from a judgment for money, and is thereafter dismissed because of the failure of the appellant to furnish the bond required within the time prescribed by law, no appeal thereafter allowed from the judgment of dismissal can operate to suspend the execution of the judgment originally appealed from."

In that case the order for a suspensive appeal from the order of dismissal was vacated, and the respondent judge directed to execute the original judgment. In the same case it was pointed out that, in case the judge below errs in dismissing a suspensive appeal, the appellant has an adequate remedy by prohibition.

As the respondent judge granted a suspensive appeal from the rescinding order, it follows that his original order granting a suspensive appeal from the order of seizure and sale on a bond for costs remained in full force and effect. Our learned Brother, however, says that the execution of the writ of seizure and sale was suspended by the restraining order issued on the rule of the receiver to set aside the order of seizure and sale on the ground of the laches of the relator in invoking that remedy. It appears that, when the rule was filed, the judge issued the usual order to show cause, and further ordered that, "in the meantime, pending a final hearing hereof, all proceedings herein be stayed." On its face this was a temporary restraining order issued by the judge on his own motion, and was revocable at his discretion.

When the judge dismissed the rule, he necessarily recalled the incidental restraining order. As to the receiver, the mover in the rule, who had not applied for any injunction or restraining order of any kind, the issuing of the order was a mere act of grace on the part of the court, and its dissolution worked no legal injury that would warrant an appeal. It follows that the position of our learned Brother as to the continuing effect of this restraining order after the dismissal of the proceedings in which it had issued is not well taken.

From the cases cited supra we find no difficulty in concluding that the suspensive appeal from the order of seizure and sale was properly dismissed for want of bond sufficient in amount. While counsel for the receiver has assailed the correctness of the jurisprudence on this subject, we see no good reasons for overruling the decisions of this court on an important question of practice, which has been considered as settled for so many years.

The case of Reynolds v. Egan, cited supra, is conclusive that the appeal from the judgment dismissing the suspensive appeal from the judgment of foreclosure cannot operate to suspend the execution of the order of seizure and sale.

The remaining question raised by relator is as to the insufficiency of the sureties on the appeal bond of the receiver. The two sureties signed a bond for $400 in lieu of two bonds for $200 each. The question whether the sureties were solvent to the extent of the small sum of $400 is one of fact, and after reviewing the evidence we are not prepared to say that the judge erred in his appreciation of the testimony.

We have considered and determined the only questions pertinent to the relief prayed for by the relator. The judgment dismissing the rule of the receiver to set aside the order of seizure and sale and his appeal therefrom

are not assailed by the relator and are not involved in the present controversy. The devolutive appeal taken by the receiver from the order of seizure and sale and from the order dismissing his suspensive appeal is not complained of by the relator.

It is therefore ordered that the order of the respondent judge allowing Thomas C. Wingate, receiver, a suspensive appeal from the judgment dismissing and setting aside said receiver's suspensive appeal from the original order of seizure and sale on the ground of the insufficiency in amount of the appeal bond, be and the same is hereby, vacated and set aside; and it is further ordered that the respondent judge direct and allow the order of seizure and sale originally granted in favor of the relator to be executed according to law; and it is further ordered that to this extent the writs prayed for be made absolute and peremptory, at the cost of the defendants herein.