PROVOSTY, J., takes no part, not having heard the argument.

―――

(81 South. 206)

No. 23362.

THURSTON et al. v. ROSENBERG et al.

In re THURSTON et al.

(March 5, 1919.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ☜482—SUSPENSIVE APPEAL—INADEQUACY OF BOND—ORDER OF DISMISSAL.

Order annulling order for suspensive appeal previously granted plaintiffs, and dismissing such suspensive appeal, entered on prayer of defendant's rule to show cause why appeal should not be decreed to be merely devolutive, for inadequacy of bond, *held* too broad, and to require modification to restrict meaning to dismissal of appeal in so far as suspensive, leaving it in force as devolutive.

2. APPEAL AND ERROR ☜465(1) — SUSPENSIVE APPEAL—MONEY JUDGMENT IN PARTITION SUIT—AMOUNT OF BOND.

Money judgment in favor of defendant against plaintiffs, suing for partition, being for $8,331.33, and plaintiffs' appeal bond being for only $750, such bond could be sufficient for a suspensive appeal only if money judgment was confined to proceeds of partition sale for its payment.

3. APPEAL AND ERROR ☜465(1)—SUSPENSIVE APPEAL—JUDGMENT FOR MONEY DAMAGES—AMOUNT OF BOND.

And a judgment in a partition suit wherein defendant claimed damages in reconvention for breach of contract to sell a quarter of the land, decreeing partition by licitation, and condemning plaintiffs to pay defendant damages, *held* an unqualified money judgment, not confined to proceeds of partition sale for its payment.

Suit for partition by A. J. Thurston and George Schaub against Nathan Rosenberg and others. From a judgment decreeing partition by licitation, and condemning plaintiffs to pay damages, plaintiffs obtained a suspensive appeal, the order granting such appeal being annulled, and the appeal dismissed, on defendant's rule to show cause why the appeal should not be decreed to be devolutive for inadequacy of the bond, and plaintiffs apply for writs of certiorari, prohibition, and mandamus. Order dismissing suspensive appeal restricted to leave the appeal in full force as devolutive, application for writs of certiorari and prohibition dismissed, and temporary writ of prohibition recalled.

Buck, Walshe & Buck and Dart, Kernan & Dart, all of New Orleans, for relators.

C. A. Buchler, of Gretna, for respondent Rosenberg.

E. Conzelman, of New Orleans, for respondent Mease.

PROVOSTY, J. Plaintiffs sued for the partition of a plantation. Defendant answered, claiming in reconvention heavy damages, on the ground that the plaintiffs had failed to fulfill a contract by which one-fourth of the plantation was to be sold to defendant, and he was to be the manager and have possession. Defendant alleged that, by reason of said contract, and of the fact that he was thereby induced to break up his establishment in a distant state and come to live on this plantation and have

charge of it, the plaintiffs were estopped from asking for a partition. The judgment decreed a partition by licitation, and condemned plaintiffs to pay defendant damages. Plaintiffs applied for and obtained an order for a suspensive appeal, and furnished bond in an amount fixed by the judge. Thereafter defendant took a rule on plaintiffs to show cause why the appeal should not be decreed to be merely devolutive, for the reason that the bond was inadequate in amount for a suspensive appeal. The court made an order reading:

"It is ordered that the order for a suspensive appeal heretofore granted A. J. Thurston and George Schaub be, and the same is hereby, annulled, and their said suspensive appeal dismissed."

[1] The prayer of the rule was not that the appeal be dismissed entirely, but only in so far as operating suspensively; and the learned trial judge, in his return, says that his order went no further than this. Its language, however, is susceptible of the interpretation complained of by relators, and will therefore have to be made plainer.

[2, 3] The judgment against plaintiffs being for $8,331.33, and the appeal bond for $750, the bond could be sufficient for a suspensive appeal only if the relators were well founded in their contention that the said money judgment is confined to the proceeds of the partition sale for its payment. And it is not. It is a plain, unqualified money judgment. Nothing is said in it as to its being payable out of the price of the partition sale; and we do not see what authority the judge would have had to make it so payable. True, the part of the judgment decreeing partition contains the usual reference of the parties to a notary public for "a final partition of the proceeds of such sale and to effect a settlement between them," but this does not mean that execution is stayed on the money judgment for damages until the partition sale may be made, nor that the said judgment is to be payable only out of the proceeds of said sale, nor, indeed, that it should be payable at all out of said proceeds. The settlement which is decreed to be made by the notary between the parties is not of all the debts that they may respectively be owing to each other, but only of such as are inherently incident to the partition; and the said money judgment is not of that character, but is nothing more than an ordinary money judgment on a claim for damages.

It is therefore ordered, adjudged, and decreed that the order herein made on September 28, 1918, be restricted in its meaning to dismissing the appeal of relators in so far as suspensive, leaving the appeal in full force as devolutive, and that the present application for the writs of certiorari and prohibition be otherwise dismissed, and the temporary writ of prohibition be recalled.