(90 South. 658)

No. 25003.

**CHARVANEL v. ESVARD.**

**In re ROSSI.**

(Jan. 2, 1922. Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Prohibition ☞10(2)—Prohibition proper to correct illegal rulings of district judge dismissing appeal.**

The right to determine primarily whether an appellant has complied with the requirements of law is vested with the district court, but his decision is subject to the revision of the Supreme Court, and the proper remedy for correcting illegal rulings of district judge in dismissing the appeal, after a suspensive appeal has been granted or a bond has been filed, is by writ of prohibition.

2. **Appeal and error ☞465(1)—Execution of money judgment suspended only by bond exceeding by one-half the amount of judgment.**

Under Code Prac. art. 575, the execution of a judgment for a specific sum of money can be suspended by the defendant only by executing bond and security exceeding by one-half the amount of the judgment, notwithstanding that plaintiff, as attaching creditor, has a lien on property seized.

3. **Appeal and error ☞460(4)—Curator possesses no greater rights as to appeal than defendant he represents.**

A curator ad hoc of an absentee does not possess greater rights in the matter of taking a suspensive appeal than the defendant himself would have.

4. **Appeal and error ☞436—District court has jurisdiction over case until suspensive appeal is perfected.**

It is only after a suspensive appeal has been obtained and perfected that the lower court ceases to have further jurisdiction over the case, and it may determine whether the judgment suspensively appealed from shall not be executed, either because the case is unappealable, or because no bond has been furnished, or because that furnished is insufficient.

5. **Appeal and error ☞393—Bond filed for suspensive appeal held to sustain a devolutive appeal.**

Where defendant obtained an order of suspensive appeal, which was granted on his furnishing a bond for costs merely, lower court erred in entirely dismissing the appeal "for want of bond required by law to support a suspensive appeal," since the bond was adequate as a bond for cost to sustain a devolutive appeal; the amount of the bond having been fixed by the lower court to cover costs in the suit.

O'Niell, J., dissenting.

Action by Henri Charvanel against John B. Esvard. Judgment for plaintiff, and Anthony J. Rossi, as curator ad hoc of the defendant, obtained an order of suspensive appeal, which was dismissed on rule. Application by curator ad hoc for writ of prohibition. Appeal left in full force as devolutive.

Anthony J. Rossi, of New Orleans, curator ad hoc (Delvaille H. Theard, of New Orleans, amicus curiæ), for applicant.

Sol Weiss, of New Orleans, for respondent.

LAND, J. Plaintiff instituted suit in the civil district court for the parish of Orleans against the defendant, a nonresident, for the sum of $10,020.50, and attached some real estate belonging to defendant, who was represented in these proceedings by relator as curator ad hoc.

After a trial on the merits, a judgment was rendered in favor of the plaintiff and against the defendant, in the said sum of $10,020.50, interest and costs, maintaining the attachment and decreeing that the effect of said judgment should be limited to the property under attachment. Relator, as curator ad hoc, obtained an order of suspensive appeal on behalf of said absent defendant; said suspensive appeal being granted to relator on his furnishing a bond for costs merely. Relator, as curator ad hoc, furnished the bond required by the order of the appeal, and filed the transcript in this court.

Subsequently, the plaintiff proceeded by rule in the lower court to have the appeal dismissed, for the reason that the bond for costs was insufficient and should have been for one and one-half times the amount of judgment.

The trial judge ordered the appeal dismissed. Relator avers that this ruling was erroneous and prejudicial to the absentee defendant and to relator, as the only bond that could be required for a suspensive appeal is a bond for costs, as the property attached has at all times remained in custodia legis under said attachment.

Relator further avers that, by the filing of his appeal bond in the lower court, this court was seized with jurisdiction of said cause, and the lower court divested thereof, and the district court, in dismissing said appeal, usurped jurisdiction, and thereby will cause irreparable injury to the absent defendant and to relator, unless the execution of said judgment of dismissal is restrained by this court through a writ of prohibition.

[1] It is well settled that the right to determine primarily whether the appellant has complied with the requirements of law is vested in the district court, but his decision is subject to the revision of the Supreme Court, and that proper remedy for correcting the illegal rulings of the district judge in dismissing the appeal, after a suspensive appeal has been granted or a bond has been filed, is by writ of prohibition. State ex rel. Johnson v. Judge, 21 La. Ann. 113; State ex rel. Beebe v. Judge, 23 La. Ann. 31; State ex rel. Storrs v. Judge, 21 La. Ann. 736; State ex rel. Dezutter v. Judge, 24 La. Ann. 316; State ex rel. Lynne v. Judge, 24 La. Ann. 328; State ex rel. Shropshire v. Judge, 23 La. Ann. 491; Reynolds v. Egan, 122 La. 47, 50, 61, 47 South. 371; Interstate Bank v. Powell Bros., 124 La. 624, 628, 50 South. 605.

[2] It is also the settled jurisprudence of this state that, under article 575 of the Code of Practice, the execution of a judgment for a specific sum of money can be suspended by the defendant only by executing bond and security exceeding by one-half the amount of the judgment. Relator does not allege, in his application for relief, the value of the property attached. Plaintiff, as attaching creditor, has a lien on the property seized, and the doctrine contended for by relator would enable a debtor to suspend the execution of a money judgment for a specific sum against him on a bond for costs in all cases where the judgment recognized a mortgage, privilege, pledge, or any other kind of lien on property of any kind, regardless of its sufficiency to satisfy the judgment, with interest and costs.

None of the cases cited by relator sustain his contention. In the case of State ex rel. Brewing Co. v. King, 46 La. 490, 15 South. 147, cited in relator's application, the point adjudicated is thus expressed in the syllabus:

"An order directing the sale of the property of a corporation which is in the hands of a receiver may be suspensively appealed from by the corporation, on a bond sufficient to cover costs of appeal—the property being in custodia legis and under control of an officer of court."

However, in the case of Pratt Engineering & Machine Co. v. Cecelia Sugar Co., 133 La.

1003, 63 South. 496, this court, in commenting on the decision in the 46 Louisiana case, said:

"The court held that the corporation was a third person against which no money judgment had been rendered, and against which no judgment could be rendered on appeal save for costs. * * * The court differentiated the case from that of a money judgment against a party cast covered by article 575 of the Code of Practice."

The view taken by the judge of the lower court in his return as to the amount of the suspensive bond required in this case is sustained by the decisions of this court in State ex rel. Block v. Judge, 44 La. Ann. 564, 10 South. 866; State ex rel. Warsell v. Judge, 22 La. Ann. 115; Pratt Engineering Co. v. Cecelia Sugar Co., 133 La. 1003, 63 South. 496; Leon Godchaux Co., Ltd., v. Gall, 139 La. 751, 72 South. 217; Pasley v. McConnell, 38 La. Ann. 470.

[3] The curator ad hoc of an absentee certainly does not possess greater rights in the matter of taking a suspensive appeal than the defendant himself would have.

[4] The jurisprudence seems to be now firmly settled that it is only after a suspensive appeal has been obtained and perfected that the lower court ceases to have further jurisdiction over the case, and that the door has always been wisely left open for the determination by the court of the first instance of the question whether the judgment suspensively appealed from shall not be executed either because the case is unappealable, or because no bond has been furnished or because that furnished is insufficient, or because the surety does not possess the required qualifications. State ex rel. Gill v. Tissot, 34 La. Ann. 90; State ex rel. Feibleman, Sons, etc., v. Judge, 45 La. Ann. 1426, 1427, 14 South. 428.

In the case of State ex rel. James Bankhead v. Judge, 22 La. Ann. 35, in which the district judge, after fixing the amount of the appeal bond in executory proceedings at a sum less than that required by article 575 Code of Practice, rescinded the order of appeal, this court said:

"To suspend the execution of a judgment for a specific amount, whether it be an order of seizure and sale or an ordinary judgment, the appeal bond must conform to article 575 C. P. * * * If the appellant fails to furnish such a bond, within the legal delays, the appellee has the right to proceed with the execution, notwithstanding the appeal. C. P. 578; 9 Rob. 186; 5 La. 129; 5 Ann. 360; 12 Ann. 175."

[5] The learned trial judge in his return to relator's application states that—

"He did not usurp jurisdiction, but exercised proper and appropriate functions in dismissing the appeal for want of bond required by law to support a suspensive appeal."

It is therefore clear that the judge a quo dismissed the appeal in this case entirely. This was illegal, as said appeal should have been dismissed only in so far as operating suspensively, and should have been decreed to be merely devolutive, for the reason that, while the bond was inadequate in amount for a suspensive appeal, it was adequate as a bond for costs to sustain a devolutive appeal; the amount of said bond having been fixed by the lower judge to cover costs in this suit. Thurston v. Rosenberg, 144 La. 629, 81 South. 206.

It is therefore ordered, adjudged, and decreed that the order of the judge a quo be restricted in its meaning to dismissing the appeal of relators in so far as suspensive, leaving the appeal in full force as devolutive, and that the application for writ of prohibition be otherwise dismissed.

O'NIELL, J., dissents.