By the WHOLE COURT.
 

 BRUNOT, J.
 

 A brief history of the case is all that Is required for the disposal of the issues presented herein.
 

 This is the second suit growing out of the same transactions. Plaintiff first sued to compel specific performance of an alleged contract of sale and purchase. The suit was dismissed with all rights of the parties reserved. Plaintiff then sued to compel defendants to organize a corporation, and, through the corporation, to purchase from plaintiff certain property, o-r, in the alternative, for judgment against them, in solido, for the price of the property, with interest. Defendants answered the suit, the case was tried, and on November 12, 1921, the court rendered judgment in favor of the plaintiff. Two days thereafter the judgment was recorded in the mortgage records. Following the recordation of the judgment, defendants filed a motion for a new trial. After a hearing the motion was granted, and on the second trial judgment was rendered in words and figures as follows:
 

 “It is ordered, adjudged, and decreed that the defendants shall cause the Farmers’ Union Company, Inc., within 89 days after this judgment becomes final to purchase from W. D. Jaenke lot No. 2, and that part of lots 1 and 3 north of the switch of tlie La. W. Railroad in block 35 MeFarlain, original platt of the town of Jennings, and lots 9, 10, 11, and 12 of block 10 of Cutting subdivision of the town of Jennings, together with the warehouses located thereon, the office furniture and fixtures therein contained, together with the good will of the business conducted in the name of W. D. Jaenke Grain Company, the terms of the purchase to be $6,500 cash with interest at 8 per cent, per annum on $3,500 of said amouht from December 7, 1920, until paid, and with 8 per cent, per annum interest on $3,000 of said amount from August 16,- 1920, until paid, the balance to be represented by two notes of $1,500 each and one note for $500, all bearing 8 per cent, per annum interest from August 16, 1920, until paid, with the usual 10 per cent, attorney’s fee clause, due January 1, 1923, January 1, 1924, and January 1, 1925, respectively; said corporation to execute a vendor’s lien and mortgage bearing upon the said property containing all of the usual and customary clauses; provided, however, that the plaintiff herein shall previously cancel all outstanding incumbrantces against said property, and shall join in said act of sale and vendor’s lien and mortgage conveying to the said corporation, upon the terms and conditions herein set forth, with full and sufficient warranty, the above described property. In the event the defendants or the said corporation, or another corporation organized by the said defendants, shall in all respects comply with the foregoing requirements and if the plaintiff shall fail to join in and execute title papers as aforesaid, and at the same time furnish proof of the cancellation of all outstanding incumbrances, then the defendants and the said corporation shall be held free from any further obligations under this judgment, and in; such cash costs of this suit shall be paid by the plaintiff. It is further ordered, adjudged, and decreed in the alternative that should the said defendants fail to cause said corporation or another corporation, if they elect to organize one, to carry out the obligations imposed in the preceding paragraph of this judgment, then and in that event the defendants shall pay, in solido, to the said plaintiff, should he tender to them a title as required in the preceding paragraph with 8 per cent, per annum interest on $3,500 thereof from December 7, 1920, until paid, together with 8 per cent, per annum interest on $6,500 of said amount from August 16, 1920, until paid, together with all costs of this suit, but in the event that the plaintiff does not make tender as provided in this paragraph of this judgment, then and in that event the defendants shall be held free from any further obligations under this judgment, and in such ease the plaintiff shall pay the costs of this suit.”
 

 The judgment was read and signed on April 27, 1922. Defendants moved for a new trial, the motion was overruled, and the court granted defendants a suspensive appeal from the foregoing judgment, and fixed the amount of the appeal'bond at $1,500. The bond was furnished, and defendants subsequently filed
 
 *999
 
 the transcript in this court. About one year thereafter defendants ruled the clerk and recorder and the plaintiff into court to show cause why the inscription in the mortgage records of the judgment rendered November 12, 1921, should not be canceled. Plaintiff answered the rule, asked to have the judgment rendered April 27, 1922, executed, attacked the order of court fixing the amount of the bond for a suspensive appeal from that judgment as ultra vires, null, and void, and prayed that it be so decreed. The rule was heard, and it was made absolute to the extent that the court ordered the cancellation of the inscription of the judgment rendered November 12; 1921, because that judgment had been set aside and a new trial granted, but the court also avoided and set aside its order granting defendants a suspensive appeal from the judgment rendered April 27, 1922.
 

 Plaintiff recorded that judgment and caused a fi. fa. to issue'thereon, whereupon defendants filed their application in this court for writs of prohibition and certiorari and for a rule to show cause why the inscription in the mortgage records of the judgment rendered April 27, 1922, should not be canceled. This court issued a rule nisi to show cause why the relief prayed for should not be granted, and the matter is submitted for decision.
 

 The question presented is whether or not the judgment quoted, supra, decrees the payment of a specific sum of money. If it does, the law fixes the amount of the bond to be given in order to suspend its execution. Such an order may be rescinded by the court which granted it even after the transcript is filed in the appellate court. Charvanel v. Esvard, 150 La. 305, 90 So. 358; Interstate Trust & Bank Co. v. Powell Bros. & Sanders, 124 La. 624, 50 So. 605; Stempel v. Eulton
 
 et
 
 al., 51 La. Ann. 468, 25 So.
 
 270;
 
 State ex rel. Bankhead v. Judge, 22 La. Ann. 35.
 

 Where the order of appeal is regular and legal and the order has been complied with, the jurisdiction of the district court ceases at the moment the appellate jurisdiction attaches, and any order made' or proceeding had by the district judge after his jurisdiction has ceased is null. State ex rel. Mount et al. v. Judge, 22 La. Ann. 37.
 

 In the case just cited it is held that the jurisdiction of the appellate court attaches as soon as the bond is filed and citation of appeal is issued; that this is the general rule; and that it applies unless it be shown that the case presented comes under an exception to the rule.
 

 A judgment ordering the party cast to do something other than pay a specific sum of money falls in that class of judgments the execution of which is suspended by giving a bond for an amount fixed by the court and otherwise complying with the court’s order. The same is true of judgments which impose conditions upon the holder of the judgment, the discharge of which is made a condition precedent to any liability at all.,
 

 The principal judgment rendered in this case orders defendants to cause the Farmers’ Union Company, Inc., within 30 days after the judgment becomes final, to purchase certain property from plaintiff and to pay a stated price therefor, provided the plaintiff shall previously cancel all incumbrances against the property and convey a good title thereto with warranty, etc. It decrees that if defendants, or the Farmers’ Union Company, Inc., or another corporation organized by defendants, shall comply with these terms, and if the plaintiff shall fail to comply with the provisions of the judgment affecting him, then the defendants are absolved from all liability to him and he is taxed with the costs of the suit. Both plaintiff and defendants are held to a specific performance of certain acts within a given time; and the alternative judgment is contingent upon these acts being performed by both parties within that time, and plaintiff’s' failure
 
 *1001
 
 to perform, in strict accordance with the terms of the judgment, absolves defendants from all liability under it.
 

 Sound reason repudiates the suggestion that such a judgment is for a specific sum of money. It would seem that the judgment cannot be executed until defendants are put in default and until plaintiff has performed or properly tendered performance. It must be remembered that the appeal from the judgment was taken an'd perfected within 10 days after its rendition and more than 30 days before the expiration of the time limit fixed therein for performance. It must also be remembered that, if the district judge had jurisdiction to fix the amount of the appeal bond, the judgment has not yet and may never become executory.
 

 We have considered this case in the light of the authorities cited by counsel for both sides, and have reached the conclusion that article 575, C. P., does not apply; that the district judge had jurisdiction; and that it was his duty, to fix the amount of the appeal bond for both the suspensive and devolutive appeal from the judgment rendered in the case; that the court’s order of appeal was legal and valid, the bond sufficient, and when the order of appeal was complied with and the transcript filed in this court the jurisdiction of the district court ceased.
 

 Prohibition will issue to an inferior judge or other officer who transcends his authority or jurisdiction, or to a litigant who attempts to execute a judgment the execution •of which has been suspended by timely compliance with a proper order of appeal. O. P. arts. 845 to 854.
 

 “The rule, supported by the great weight of authority, is that the writ will lie in all eases either of abuse or usurpation of jurisdiction by an inferior tribunal.” Cyc. vol. 32, p. 604.
 

 Certiorari will issue to an inferior judge to examine into proceedings before him affecting issues pending in the appellate court. C. P. arts. 855 to 866.
 

 For the foregoing reasons it is ordered that the order revoking the order of appeal be annulled and that the rule nisi issued herein be made absolute and that writs of certiorari and prohibition do issue, in the name of the state of Louisiana, and directed to Hon. Thomas F. Porter, Jr., district judged Hon. Isaac Fontenot, sheriff of Jefferson Davis parish, and William D. Jaenke, plaintiff and appellee herein, prohibiting, restraining, and forbidding them and each of them from further proceeding herein.
 

 It is further ordered that the inscription of the judgment appealed from of record in Mortgage Book R, p. 557 of the mortgage records of Jefferson Davis parish, state of Louisiana, be and the same is hereby canceled.