### STATE ex rel. TEMPLE v. VERNON PARISH SCHOOL BOARD (PEACE, Intervener).

#### No. 1790.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1938.

Olin D. Moore and J. Reuel Boone, both of Many, for plaintiff.

Edwin M. Fraser, of Many, for defendant.

Woosley & Cavanaugh, of Leesville, for intervener.

DORE, Judge.

Relator, Austin L. Temple, seeks by mandamus to compel the Vernon Parish School Board to enter into a contract with him as a teacher in the public. schools of the parish for the 1937–1938 term which began September 6, 1937, at a salary of $154 per month. He alleges that he has been employed continuously as a teacher in said parish since the beginning of the school session of 1933–1934 at a salary of $154 per month; that on and after July 28, 1936, the day and date on which Act No. 58 of 1936 became effective, he was in the employ of said school board as a duly qualified teacher of the parish; that he is a regular and permanent teacher in said parish under the provisions of the above-mentioned act; that he was advised verbally by the parish superintendent of said parish that he would not be employed by the school board for the 1937–1938 school term and that his employment as a teacher was at an end; that no charges or complaint has been made against him by the school board and no reason given for refusing to continue him as a teacher in the parish school.

Relator's suit .was filed September 9, 1937, and the judge issued a rule against the school board to show cause on Sept. 23, 1937, why the writ should not issue as prayed for in the petition. The school board filed an exception of no cause or right of action and also an answer in which the allegations of facts contained in the petition were admitted.

The attorneys for relator and the district attorney for the school board entered into an agreed statement of facts in which the facts set out in the petition were admitted, and it was agreed that the only question to be submitted to the court was whether or not relator was a regular and permanent teacher under Act No. 58 of 1936 in view of the fact that he was employed for the 1936–1937 term on July 16, 1936, 12 days before said act went into effect. The case was submitted to the court on September 23, 1937, and on that day the court rendered judgment making the alternative writ of mandamus permanent and ordering the school board to enter into a contract with relator as a teacher for the 1937–1938 term at $154 per month. On the same day the defendant school board obtained an order of appeal returnable to this court on October 15, 1937, in which order, by error, the school board was required to give a bond of $100 for the suspensive appeal.

On September 27, 1937, 4 days after the judgment was rendered, Miss Pearle Peace, filed an intervention in the suit, asking that a rehearing or new trial be granted. This petition for a rehearing or new trial was filed within the 3-day period, so intervener claims, as September 25th was Sunday and therefore a dies non.

The petition of intervention of Miss Peace sets out that she is a duly qualified and duly employed domestic science teacher

of Vernon parish for the 1937–1938 term; that the case of relator, Temple, against the school board was submitted on an erroneous agreed statement of facts in that it was therein agreed that relator was in the employ of said school board on July 12, 1936, when in fact he was not in its employ on that date nor was he in the employ of said board on July 28, 1936, the date on which Act No. 58 of 1936 went into effect, for the reason that the contract of employment was never approved by the state budget committee as provided for in Act No. 10 of the Third Extra Session of 1935; that if relator could be classified as a permanent teacher under Act No. 58 of 1936, and entitled to tenure under said act, then she urged that said act is unconstitutional for several reasons which she set out in her petition; she averred that, if the judgment was permitted to stand and the school board compelled to enter into a contract with relator as a teacher, it would force her and other teachers in the parish to litigate with relator and the school board her right to hold her position in the parish as a teacher.

Relator excepted to the petition of Miss Peace on the ground that she had no interest in the suit; that she had no right to apply for a new trial, or raise issues not raised by relator or the defendant, or change the issues between the parties. Relator also excepted to the petition of intervention on the ground that it came too late as judgment had been rendered against defendant and an appeal taken by it which divested the trial court of jurisdiction of the case. The intervener filed a supplemental petition in which she alleged that the parish school board had adopted a budget for the 1937–1938 term, and if relator and some 15 or 20 other teachers were reinstated as permanent teachers under the tenure act the budget would be insufficient to pay the salary of intervener and other teachers for the current term. She also set up additional grounds of unconstitutionality of said Act No. 58 of 1936. The trial judge dismissed the petition of intervener as in the case of nonsuit under the exception on the ground that the petition of intervention was filed too late, and on the further ground that the trial court had lost jurisdiction of the case. Intervener has appealed from this judgment of dismissal.

After the case was argued and submitted in this court, the school board and the intervener, through their respective attorneys, filed a joint motion in this court suggesting that this court dismiss the original suit of relator for want of necessary parties, or remand the case for the purpose of joining proper parties, as it is contended that the teacher whom relator will replace, if reinstated, is a necessary party to the suit.

In our opinion the petition of intervention was properly dismissed. Under article 391 of the Code of Practice, the intervention cannot retard or delay the main suit. The intervener can not raise issues between the plaintiff and the defendant which they have not raised themselves, but the intervener must take the suit as he finds it for, if he wants to inject new issues and have new matters adjudicated, he has recourse to a separate suit. The intervener cannot be bound in this case by the judgment rendered in favor of relator against the school board as she was not a party to that suit. Gorman v. Gorman, 158 La. 274, 103 So. 766. When the petition of intervention was filed the judgment had been rendered and an appeal had been obtained by the school board. While the order of appeal required the school board to give bond, that part of the order was ineffective as the school board is exempt from giving bond. The appeal was perfected on the day when the order was entered, and the trial court no longer had jurisdiction of the case to grant a new trial and set aside the judgment from which an appeal had been taken and perfected. Board of Com'rs of Fifth Louisiana Levee Dist. v. Howard Land & Timber Co., 132 La. 911, 61 So. 868; Jaenke v. Taylor et al., 161 La. 996, 109 So. 814; State ex rel. Roane v. Himel, Judge, La. App., 176 So. 413.

Reverting to the motion filed in this court to dismiss relator's suit, or remand the case for the purpose of making proper parties, the question arises whether or not the teacher whom relator will displace is a necessary party to the suit. There can be no question but that where a plaintiff seeks to replace a particular officer holding a particular position that such officer sought to be ousted is a necessary party to the suit. But in this case relator, Temple, is not asking that he be given any particular position as a teacher, nor is he asking that any particular teacher be displaced and that he be put in the vacant position. If we should hold that the per-

son whom he might displace should be made a party to the suit, it would be necessary for all of the other teachers in the parish to be made parties, as he would just as likely displace one as another. For instance, we could not say that he should make intervener, Miss Peace, a party because it does not appear that he is asking to be given her position as a domestic science teacher in a particular school. Nor can we assume that, if and when relator is reinstated, he will be given the position of any teacher presently employed, but, so far as we know, he may be given a new position, or a vacant position caused through death, removal, or resignation of some other teacher. In our opinion the motion to dismiss or remand the case should be overruled, and the judgment dismissing the intervention should be affirmed.

■ This leaves for decision the judgment on the main demand wherein the school board was ordered to enter into a contract with relator for the school term of 1937–1938 at $154 per month. Only the issues presented in that suit can be passed on by us. We must take the facts as they are admitted by the parties to the main suit.

Act No. 58 of 1936, amending section 48 of Act No. 100 of 1922 provides that teachers shall serve a probationary term of 3 years, during which probationary term the school board can dismiss or discharge any probationary teacher upon the recommendation of the superintendent, who shall assign reasons therefor. If the teacher serves this 3-year probationary period without being notified of his or her discharge at the end of the term, the teacher then becomes automatically a regular and permanent teacher of the parish, and cannot be discharged by the school board except upon written and signed charges of willful neglect of duty, incompetency or dishonesty, and after a trial and conviction by the school board. The act further provides "that all teachers presently in the employ of any parish school board, who hold proper certificates, and who have served satisfactorily as teachers in that parish for more than three consecutive years, shall be, and are hereby declared to be, regular and permanent teachers in the employ of the school board of that parish."

■ In the stipulation for the submission of the case in the lower court it was agreed that the sole issue presented was whether or not relator was a regular and permanent teacher in the parish of Vernon, and entitled to the benefits of Act No. 58 of 1936 conferred on regular and permanent teachers. It is the contention of the school board that, as relator was employed for the 1936–1937 term on July 16, 1936, 12 days before the act went into effect, relator was serving his probationary term for that session and was not a regular and permanent teacher. But it is admitted that relator had been in the employ of the school board as a duly qualified teacher, and had given satisfactory service for more than 3 years when the act went into effect. Therefore under the plain provisions of that part of the act quoted above, relator was, on July 28, 1936, when the act went into effect, a regular and permanent teacher under the act. He therefore could not be dismissed or discharged except after the necessary charges are filed and trial had thereon. It is not contended that such a course was pursued.

■ We are not here concerned with the wisdom or practicability of the act nor with its constitutionality. We are only to apply it in a situation which the parties have agreed exists in this particular case.

There are 5 other cases against the Vernon Parish School Board brought by 5 other teachers of the parish and who asked for the same relief as relator in this case. In all the cases the pleadings and the facts are the same with only the difference in the names of the relators and their salaries. By an agreement of the attorneys, the decision in this case is to apply and control the other 5 cases. 178 So. 180, 181.

For these reasons, the motion to dismiss or remand the case is overruled; and it is ordered that the judgment dismissing the intervention of Miss Pearle Peace is affirmed at her costs; and that the judgment in favor of relator and against the defendant school board is affirmed at the cost of defendant.