## STATE ex rel. CHANEY v. VERNON PARISH SCHOOL BOARD (PEACE, Intervener).

### No. 1807.

Court of Appeal of Louisiana. First Circuit.
March 9, 1938.

Edwin M. Fraser, Dist. Atty., of Many, and Woosley & Cavanaugh, of Leesville, for intervener.

D. D. Newman, of Leesville, for appellee.

LE BLANC, Judge. .

This is a mandamus proceeding by which the relator, George P. Chaney, seeks to compel the Vernon Parish School Board to furnish him employment as a school teacher for the session 1937–1938 which began September 6, 1937, at the salary of $75 per month.

In his petition, relator alleges that he has been actively engaged as a school teacher in Vernon parish for the past twenty years; that he was employed as a teacher by the Vernon Parish School Board on August 10, 1936, at a salary of $75 per month, and taught in the schools of that parish during the year 1936 under his contract, but that without any notice to him or complaint whatsoever, the board, arbitrarily and contrary to law, refused to furnish him em-

ployment for the school session of 1937–38 and assigned the place which had been given to him to another teacher. He alleges that he has the necessary certificate and possesses all other qualifications to teach in Vernon parish, and accordingly gave notice in time to the Superintendent of Education, Mr. T. L. Harvey, that he was ready to begin teaching, and on the day schools opened in the said parish appeared at the place previously assigned to him as a teacher and tendered his services, but all to no avail. Alleging further that he has no adequate remedy at law, he prayed for a writ of mandamus to compel the School Board to afford him the relief sought.

The court issued an alternative writ and made the rule for mandamus returnable within the time prescribed, but on motion of the district attorney, its legal adviser, the School Board was granted a continuance of few days. In the interval, Miss Pearl Peace, who is employed as one of the teachers in Vernon parish by the defendant board, intervened in the suit in opposition to the demands of the relator. In her petition of intervention she alleges that she is employed as a teacher of domestic sciences in Vernon parish and is employed for the session of 1937–38 at the salary of $90 per month, and that if the relator is granted the relief he seeks, along with some twenty other teachers who have filed similar suits, the payment the School Board will have to make to them will absorb more than $20,000 of the current budget of receipts adopted by it, and as a consequence it will deprive her and teachers employed like her from being paid the amount due them under their contracts. She alleges that the contract of employment of the relator was not approved by the state budget committee as required by law prior to the date when Act No. 58 of 1936 went into effect, as is required for a teacher to be classified as a permanent teacher under that law. She then pleads that the said Act No. 58 of 1936 is unconstitutional, null, and void for several reasons fully set out in her petition.

The relator, in answer to the petition of intervention, pleaded that Miss Peace was without interest of any nature whatever personal to herself to oppose his demand, and asked that it be dismissed.

The defendant School Board, for answer to the petition of the relator, denied practically all the allegations therein contained. With regard to what facts were admitted, it denied the conclusions of law drawn therefrom by the relator. In its answer to the petition of intervener it joined her in pleading the unconstitutionality of Act No. 58 of 1936.

As between the relator and the defendant School Board, the case was submitted on an agreed statement of facts. It was admitted that the relator had taught continuously in the schools of Vernon parish for a period of approximately eighteen years prior to the session of 1933–34, and that he was employed by the board on July 16, 1936, not August 20, 1936, as he had alleged. It was further admitted that there was an intermission during the eighteen years that he taught, of two years; that being the two sessions of 1933–34 and 1934–35. The statement contains a stipulation to the effect that the sole issue presented to the court is whether or not the relator is a regular and permanent teacher, and, as such, entitled to the benefits of Act No. 58 of 1936, "in view of the fact that he was employed by the Vernon Parish School Board for the 1937–38 school session on July 16, 1936, some twelve days before said Act became effective."

On the part of the intervener, there was testimony adduced touching upon the facts alleged in her petition relating to her employment and the adoption of a budget by the School Board.

Upon submission of the case on the record as thus made up, there was judgment in favor of the relator upholding the constitutionality of Act No. 58 of 1936, and commanding the School Board to enter into a contract with him as prayed for. The intervention of Miss Peace was dismissed on the ground that she was lacking in interest in the matter presented to the court. She and the defendant board have both appealed.

In view of the fact that our consideration of the record leads us to a different conclusion than that reached by the district judge with regard to granting the relator the relief he seeks, it becomes unnecessary for us to pass on the constitutionality of Act No. 58 of 1936 on which only could his demand be predicated. For the purpose of passing on his demand, therefore, we will presume that the act is constitutional.

The act under consideration amends section 48 of Act No. 100 of 1922, and provides, as shown in the case of State ex rel. Temple v. Vernon Parish School Board, La.App., 178 So. 176, 179, that "teachers shall serve a probationary term of 3 years; during

which probationary term the school board can dismiss or discharge any probationary teacher upon the recommendation of the superintendent, who shall assign reasons therefor. If the teacher serves this 3-year probationary period without being notified of his or her discharge at the end of the term, the teacher then becomes automatically a regular and permanent teacher of the parish, and cannot be discharged by the school board except upon written and signed charges of willful neglect of duty, incompetency or dishonesty, and after a trial and conviction by the school board. The act further provides 'that all teachers presently in the employ of any parish school board, who hold proper certificates, and who have served satisfactorily as teachers in that parish for more than three consecutive years, shall be, and are hereby declared to be, regular and permanent teachers in the employ of the school board of that parish.' "

In that case, this court held that such teachers who had been employed by the present defendant School Board, on July 16, 1936, twelve days before the act went into effect, and who had been in the continuous employment of the board for a period of three consecutive years when the act went into effect, were qualified as regular and permanent teachers under the law and could not be dismissed or discharged, except upon charges presented and trial had as provided for thereunder. Under our ruling in that case, the relator herein could qualify as a regular and permanent teacher, provided he had had continuous employment for three years prior to the time at which the act went into effect. Unfortunately for him, however, under his own admission, he did not have such continuous employment, as he did not teach for the sessions of 1933–34 and 1934–35. He taught during the session of 1935–36, but that was only one year prior to the time at which the act became effective, and he was therefore only a probationary teacher who could be discharged at will. In view of his status, under our interpretation of the law, he is not entitled to the relief he demands in this proceeding. With regard to that demand, therefore, the judgment of the lower court will have to be reversed and set aside.

We agree with the judgment appealed from, however, in so far as it dismissed the intervention of Miss Peace. By her own pleadings she is shown to be employed as a domestic science teacher of the defendant board, at a fixed salary per month, for the school session of 1937–38, and, as far as the record shows, at this time ample provision is made to take care of her salary. Her complaint that because under a certain contingency which may arise because of the provisions of Act No. 58 of 1936, she may sustain some injury, appears to us to be too remote at this time to justify her intervention in this proceeding. Moreover, the relator's present proceeding was not aimed at her with the view of displacing her from her position as teacher, and now that his demand will be rejected, she has still less reason to fear that any of her rights will be jeopardized.

For the reasons herein stated, it is now ordered that the judgment of the lower court be affirmed in so far as it dismissed the intervention of Miss Pearl Peace, and that in so far as it granted the relator the relief prayed for in his petition for mandamus, it be reversed, set aside, and anulled, and it is now further ordered that there be judgment herein in favor of the defendant and against the said relator, dismissing his suit and rejecting his demand. All costs incidental to the intervention of Miss Peace to be paid by her, and all other costs to be paid by the relator.