## STATE ex rel. KENNINGTON v. RED RIVER PARISH SCHOOL BOARD.

### No. 5631.

Court of Appeal of Louisiana.
Second Circuit.

July 15, 1938.

Rehearing Denied Nov. 4, 1938.

H. L. Hughes, of Natchitoches, for appellant.

Cawthorn, Golsan & Tooke, of Shreveport, for appellee.

DREW, Judge.

This is a mandamus proceeding by which the relator, Mrs. C. L. Kennington, seeks to compel the Red River Parish School Board to furnish her employment as a school teacher for the session 1937-38, which began in the early part of September, 1937, at a salary of $75 per month. She alleged that she was a teacher within the meaning of Section 48 of Act No. 100 of the Legislature of 1922, as amended; that she began teaching in Red River Parish in the fall of 1914 and continued to teach at Martin School until the spring of 1919, when she began teaching at Holly Springs, Red River Parish, where she taught until the spring of 1922. At that time the Holly Springs school and the Martin school were consolidated, and in the fall of 1926 she went back to teaching at Martin school, where she taught until the spring of 1935. She did not teach during the school year 1935-36, but did teach at Martin school during the school year 1936-37. She alleged there had been no general salary cut and that she was entitled to the same salary she received for the year 1936-37, which was $75 per month. She alleged that on June 20, 1936, the day when Act No. 58 of 1936 became effective, she was in the employ of the Red River Parish School Board, holding proper certificates and had served satisfactorily as a teacher in that parish for more than three consecutive years, and as a consequence thereof was a regular and permanent teacher in the employ of said school board; that on May 1, 1937, the school board met and nominated a successor to relator and gave her notice by letter, the effect of which was to discharge her. She further alleged there were no written charges of any kind preferred against her and she had not been granted a hearing by said board.

The lower court issued an alternative writ and made the rule returnable within

the time prescribed by law. The respondent school board filed exception of no cause or right of action, couched in the following language:

"(a) That petitioner (relator) alleges in Article Two of her petition that she was not employed as a teacher in the Parish of Red River during the school session of 1935-36. She was, therefore, not employed for three consecutive years prior to the enactment of Act 58 of 1936, amending Section 48 of Act 100 of 1922, known as the Teachers Tenure Law, and by virtue of this fact was not a permanent teacher, nor entitled to a hearing before the Red River Parish School Board, nor entitled to any of the benefits under said Act.

"(b) That petitioner was retained by the Red River Parish School Board for the 1936-1937 school session, during the month of June 1936, a month before Act 58 of 1936 became a law of this State, which fact is admitted by petitioner in allegation 4 of her petition, wherein she states 'That the relator further shows that on the 20th day of July 1936 the day and date when Act 58 of 1936 became effective she was in the employ of the Red River Parish School Board.' That because of petitioner's employment before July 28, 1936, she was not under tenure, for there was no tenure law in effect when she was employed.

"(c) That Act 58 of 1936 upon which petitioner seeks relief provides that no permanent teacher shall be removed from office except upon written and signed charges ,of wilful neglect of duty, or incompetency, or dishonesty, and then only if found guilty after a hearing by the school board of that parish in which the teacher is employed. This hearing must be held, as a condition precedent under the provisions of Act 58 of 1936, before petitioner can demand reinstatement or damages from the Red River Parish School Board."

The exception was tried and overruled by the lower court and the case was then tried on its merits. Respondent did not file an answer. The lower court awarded judgment for relator as prayed for and respondent is prosecuting this appeal, contending that the exception of no cause or right of action should have been sustained by the lower court for the reason relator had not been in the employ of the respondent school board as a teacher for three consecutive years immediately prior to the enactment of the Teachers Tenure Act.

This fact is shown by relator's petition wherein she alleged she was not employed as a teacher by respondent and did not teach during the school year 1935-36.

The identical question involved here was before the Court of Appeal, First Circuit, in the case of State ex rel. Chaney v. Vernon Parish School Board, reported in 179 So. 320. The only difference in the facts of that case and the one at bar is that Chaney taught in Vernon Parish during the school year 1935-36, but did not teach during the school years 1933-34 and 1934-35. He had taught in Vernon Parish for eighteen consecutive years immediately prior to the school year 1933-34. The court disposed of the case adversely to the relator in the following language [page 321]:

"The act under consideration amends section 48 of Act No. 100 of 1922, and provides, as shown in the case of State ex rel. Temple v. Vernon Parish School Board, La.App., 178 So. 176, 179, that 'teachers shall serve a probationary term of 3 years, during which probationary term the school board can dismiss or discharge any probationary teacher upon the recommendation of the superintendent, who shall assign reasons therefor. If the teacher serves this 3-year probationary period without being notified of his or her discharge at the end of the term, the teacher then becomes automatically a regular and permanent teacher of the parish, and cannot be discharged by the school board except upon written and signed charges of wilful neglect of duty, incompetency or dishonesty, and after a trial and conviction by the school board. The act further provides "that all teachers presently in the employ of any parish school board, who hold proper certificates, and who have served satisfactorily as teachers in that parish for more than three consecutive years, shall be, and are hereby declared to be, regular and permanent teachers in the employ of the school board of that parish."'

"In that case, this court held that such teachers who had been employed by the present defendant School Board, on July 16, 1936, twelve days before the act went into effect, and who had been in the continuous employment of the board for a period of three consecutive years when the act went into effect, were qualified as regular and permanent teachers under the law and could not be dismissed or discharged, except upon charges presented and

.trial had as provided for thereunder. Under our ruling in that case, the relator herein could qualify as a regular and permanent teacher, provided he had had continuous employment for three years prior to the time at which the act went into effect. Unfortunately for him, however, under his own admission, he did not have such continuous employment, as he did not teach for the sessions of 1933–34 and 1934–35. He taught during the session of 1935–36, but that was only one year prior to the time at which the act became effective, and he was therefore only a probationary teacher who could be discharged at will. In view of his status, under our interpretation of the law, he is not entitled to the relief he demands in this proceeding. With regard to that demand, therefore, the judgment of the lower court will have to be reversed and set aside."

A rehearing was applied for and refused and applications for writs of certiorari and review were made to the Supreme Court, which writs were refused on July 1, 1938.

For the reasons above set forth, we conclude that the exception of no cause and no right of action is meritorious and should have been sustained by the lower court. The judgment of the lower court is therefore reversed and the exception of no cause and no right of action now sustained and the relator's suit is dismissed at her cost.